Joseph Cousin *vs.* Commonwealth. November 19, 2004. *Supreme Judicial Court,* Superintendence of inferior courts, Appeal from order of single justice. *Constitutional Law,* Speedy trial.

The petitioner, Joseph Cousin, appeals from the denial of his petition under G. L. c. 211, § 3, by a single justice of this court. We affirm.

Criminal charges are pending against Cousin in the Superior Court. He moved to sever his trial from that of a codefendant because the codefendant's change of counsel resulted in a delay that threatened to deprive Cousin of his right to a speedy trial. The Superior Court judge denied the motion for severance on the ground that "the interests of justice in trying the codefendants together out weigh [*sic*] Mr. Cousin's understandable desire to try this case in June, [20]04."

Cousin has filed a memorandum and appendix pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001). He argues that he cannot obtain adequate review of the judge's adverse ruling other than through G. L. c. 211, § 3, because if he is tried and convicted and the denial of the motion for severance is reversed on appeal, an order for a new trial would not provide an adequate remedy for the loss of his right to a speedy trial. This argument is unavailing. There is no entitlement, as of right, to review of an interlocutory order seeking to enforce the right to a speedy trial where the single justice neither decides the issue nor reports the matter to the full court. See *Esteves* v. *Commonwealth*, 434 Mass. 1003, 1005 (2001) (affirming denial of petition seeking review of motion to dismiss on speedy trial ground). If Cousin is convicted, and if he has in fact suffered a violation of his right to a speedy trial, an appellate court can order that the indictments be dismissed. See, e.g., *Commonwealth* v. *Spaulding*, 411 Mass. 503 (1992) (ordering dismissal of indictments on speedy trial ground on postconviction appeal). Moreover, Cousin

can still move in the Superior Court to dismiss the indictments on the speedy trial ground.[1]

In these circumstances, Cousin has not shown that "review of the trial court decision cannot adequately be obtained on appeal" from any conviction. S.J.C. Rule 2:21 (2). Accordingly, he has not sustained his burden under rule 2:21.

*Judgment affirmed.*

The case was submitted on the papers filed, accompanied by a memorandum of law.

*Willie J. Davis* for the plaintiff.

---

[1]According to the Superior Court docket, Cousin has filed a motion for a speedy trial, but, to date, he has not filed a motion to dismiss the indictments. The trial has been continued until November 15, 2004. We express no view as to whether this trial date denies him his right to a speedy trial.

