John Ackerman *vs.* Commonwealth. January 18, 2006. *Practice, Criminal,* Indictment, Dismissal, Interlocutory appeal. *Limitations, Statute of.*

John Ackerman appeals from a judgment of a single justice of this court denying his petition for relief pursuant to G. L. c. 211, § 3. We affirm.

On November 6, 2003, the District Court issued a criminal complaint alleging that Ackerman committed aggravated rape on November 8, 1988. Two months later, on January 7, 2004, Ackerman was indicted for the offense. Ackerman moved to dismiss the indictment, claiming that, while the original complaint had been timely, the indictment was barred by the fifteen-year statute of limitations. See G. L. c. 277, § 63. A judge in the Superior Court denied the motion, concluding that § 63 applies to both complaints and indictments, and that the District Court often functions as "the portal of entry to the Superior Court" — that many cases within the exclusive jurisdiction of the Superior Court are commenced by a District Court complaint. See G. L. c. 277, § 79 ("provisions of this chapter . . . shall apply as well to complaints as to indictments"); *Commonwealth* v. *Valchuis*, 40 Mass. App. Ct. 556, 558 (1996) ("§ 63 is equally applicable to criminal complaints"). The single justice denied Ackerman's G. L. c. 211, § 3, petition without a hearing.

The case is now before us pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001). Ackerman claims that his right to avoid defending against an untimely criminal charge is akin to both speedy trial and double jeopardy rights, and that he thus lacks an adequate alternative to relief under G. L. c. 211, § 3. While it is true that statutes of limitation protect some of the same interests as those protected by speedy trial rights, we have held that speedy trial claims can adequately be pursued after a conviction, and therefore, interlocutory review of denials of speedy trial claims is not mandatory. See, e.g., *Cousin* v. *Commonwealth*, 442 Mass. 1046, 1046 (2004); *Esteves* v. *Commonwealth*, 434 Mass. 1003, 1004 (2001). As for Ackerman's comparison of his claim to one of double jeopardy, the analogy is inapt. Unlike double jeopardy principles, which protect a right *not to be tried at all*, statute of limitations principles protect only a right to have the charges that are brought be *timely*. Cf. *id.* A statute of limitations defense is an affirmative defense that can adequately be raised and decided at trial and in a direct ap-

---

peal following a conviction. See *Commonwealth* v. *John G. Grant & Sons Co.*, 403 Mass. 151, 158 & n.6 (1988) (defendant could have raised statute of limitations issue during trial by objecting to admission of evidence or by requesting jury instructions limiting time within which jury could find violation); *Commonwealth* v. *Purinton*, 32 Mass. App. Ct. 640, 642-646 (1992) (rejecting claim of ineffective assistance regarding counsel's failure to pursue statute of limitations defense by motion for required finding of not guilty or by requesting jury instructions on Commonwealth's burden to prove offenses occurred after certain date because evidence showed indictment was timely); *Commonwealth* v. *Cogswell*, 31 Mass. App. Ct. 691, 694-695 (1991) (where defendant unsuccessfully moved to dismiss charges based on statute of limitations and trial judge, in connection with denying motion for required finding, addressed statute of limitations issue sua sponte, Appeals Court addressed statute of limitations claim on direct appeal). Accordingly, Ackerman has failed to carry his burden under rule 2:21.

*Judgment affirmed.*

The case was submitted on the papers filed, accompanied by a memorandum of law.

*Christopher S. Skinner*, Committee for Public Counsel Services, for the plaintiff.