DAVID COHEN *vs.* COMMONWEALTH. January 12, 2007. *Supreme Judicial Court, Superintendence of inferior courts, Appeal from order of single justice. Practice, Criminal,* Severance.

David Cohen appeals from a judgment of a single justice of this court denying his petition pursuant to G. L. c. 211, § 3. We affirm the judgment.

Cohen and two codefendants were charged in separate indictments with various offenses arising from two incidents, each with a different victim. The Commonwealth moved to join all the indictments for trial. Mass. R. Crim. P. 9, 378 Mass. 859 (1979). A judge in the Superior Court allowed the motion in part, joining for trial all the offenses charged against Cohen and the offenses charged against one, but not the other, of the codefendants.[1] In his petition to the single justice, Cohen argued that the offenses with which he is charged are unrelated within the meaning of Mass. R. Crim. P. 9 (a) and that the judge therefore erred in joining them over his objection.[2] The single justice denied relief without a hearing.

Cohen has filed a memorandum and appendix pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001). That rule requires him to "set forth the reasons why review of the trial court decision cannot adequately be obtained on appeal from any final adverse judgment in the trial court or by other available means." S.J.C. Rule 2:21 (2). He has not done so. If Cohen is convicted, and if the judge did in fact abuse her discretion by joining the offenses for trial, an appellate court can reverse the convictions and order new, separate trials. *Commonwealth* v. *Blow*, 362 Mass. 196 (1972) (reversing convictions due to improper joinder of unrelated offenses). *Commonwealth* v. *Jacobs*, 52 Mass. App. Ct. 38 (2001) (same). See *Cousin* v. *Commonwealth*, 442 Mass. 1046, 1046-1047 (2004) (no entitlement to extraordinary relief from denial of motion to sever, despite claim that retrial after appeal would violate defendant's speedy trial right). The single justice neither erred nor abused his

---

[1]The codefendant with whom Cohen was joined filed a separate G. L. c. 211, § 3, petition, which was also denied. That denial is addressed in *Letendre* v. *Commonwealth, post* 1006, 1006 (2007).

[2]Cohen did not challenge the joinder of his case with that of the codefendant.

discretion by denying relief under G. L. c. 211, § 3.

*Judgment affirmed.*

The case was submitted on the papers filed, accompanied by a memorandum of law.

*Patricia A. DeJuneas* for the plaintiff.