ANTONIO SANCHEZ *vs.* COMMONWEALTH. November 8, 2007. *Supreme Judicial Court,* Appeal from order of single justice, Superintendence of inferior courts. *Practice, Civil,* Motion to dismiss.

Antonio Sanchez appeals from a judgment entered by a single justice of this court denying his petition for relief pursuant to G. L. c. 211, § 3. We affirm.

Sanchez is the subject of a pending indictment in the Superior Court for aggravated rape. He moved unsuccessfully to dismiss the indictment, claiming that it was barred by the fifteen-year statute of limitations. See G. L. c. 277, § 63. Although more than fifteen years had elapsed between the alleged offense and the defendant's indictment, the Commonwealth successfully argued to the motion judge that it was a jury question whether the statute of limitations was tolled where the defendant, although not physically absent from Massachusetts, used an alias during a portion of the relevant period.[1] The single justice denied Sanchez's G. L. c. 211, § 3, petition without a hearing.[2]

The case is now before us pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001). Sanchez acknowledges our decision in *Ackerman* v. *Commonwealth*, 445 Mass. 1025 (2006) (alternative avenues to relief under G. L. c. 211, § 3, exist for pursuing statute of limitations defense), but claims that review under G. L. c. 211, § 3, is nonetheless appropriate because the underlying legal issue — whether the use of an alias is the equivalent of being "not usually and publicly a resident" — is novel. Even if the issue were novel, it can be adequately (and perhaps better) addressed in a direct appeal. The defendant is not entitled to review as a matter of right under G. L. c. 211, § 3. See *Ventresco* v. *Commonwealth*, 409 Mass. 82, 83 (1991) ("The denial of a motion to dismiss . . . is not appealable by a defendant until after trial. General Laws c. 211, § 3, may not be used to circumvent our rule . . . . Unless the single justice . . . either decides the issue or reports the matter to the full court, a defendant cannot receive review under the statute of the denial of a motion to dismiss").

*Judgment affirmed.*

[1] General Laws c. 277, § 63, provides, in pertinent part: "Any period during which the defendant is not usually and publicly a resident within the commonwealth shall be excluded in determining the time limited."

[2] In his G. L. c. 211, § 3, petition, Sanchez also challenged unsuccessfully an order entered in the Superior Court requiring him to submit to a buccal swab for deoxyribonucleic acid analysis. See *Brown* v. *Commonwealth*, 445 Mass. 1016, 1016 (2005), and cases cited. He does not, however, press that issue here.

The case was submitted on the papers filed, accompanied by a memorandum of law.

*Charles W. Groce, III*, for the petitioner.