JOSHUA FITZPATRICK *vs.* COMMONWEALTH. April 21, 2009. *Supreme Judicial Court,* Superintendence of inferior courts, Appeal from order of single justice. *Practice, Criminal,* Dismissal. *Superior Court,* Jurisdiction. *Jurisdiction,* Juvenile.

Joshua Fitzpatrick appeals from a judgment of a single justice of this court denying, without a hearing, his petition for relief under G. L. c. 211, § 3. We affirm.

Fitzpatrick was charged in the Juvenile Court with offenses that he allegedly committed while under the age of seventeen, but for which he was apprehended after his eighteenth birthday. After a hearing at which three alleged victims testified, a judge in the Juvenile Court found both that there was probable cause and that it was in the interest of the public that Fitzpatrick be charged as an adult. G. L. c. 119, § 72A. The judge did not make written or oral subsidiary findings. The juvenile charges were dismissed, and Fitzpatrick was indicted for various offenses. He filed a motion in the Superior Court to stay the proceedings and to remand the matter to the Juvenile Court for findings to determine whether there was record support for the Juvenile Court judge's order. That motion was denied, as was Fitzpatrick's subsequent motion to dismiss the indictments

---

for lack of jurisdiction. Fitzpatrick's petition to the county court challenged these interlocutory rulings.

The case is before us pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001), which requires a petitioner to "set forth the reasons why review of the trial court decision cannot adequately be obtained on appeal from any final adverse judgment in the trial court or by other available means."[1] Fitzpatrick has not met his burden under the rule. "The denial of a motion to dismiss in a criminal case is not appealable until after trial, and we have indicated many times that G. L. c. 211, § 3, may not be used to circumvent that rule. Unless a single justice decides the matter on the merits or reserves and reports it to the full court, neither of which occurred here, a defendant cannot receive review under G. L. c. 211, § 3, from the denial of his motion to dismiss."[2] Jackson v. Commonwealth, 437 Mass. 1008, 1009 (2002). Fitzpatrick argues that the Superior Court lacks jurisdiction because the Juvenile Court judge's decision was without "record support . . . that the interests of the public require adult prosecution rather than discharge," Commonwealth v. Davis, 56 Mass. App. Ct. 410, 415-416 (2002), and that trying him in a court that lacks jurisdiction would give rise to "irreversible" error. That is incorrect. If Fitzpatrick is convicted of one or more offenses, any error can be adequately remedied in his direct appeal. The decision to transfer a case pursuant to G. L. c. 119, § 72A, is subject to appellate review after a conviction in the Superior Court. See Commonwealth v. Bousquet, 407 Mass. 854, 857-860 (1990). Moreover, "this court and the Appeals Court have routinely addressed subject matter jurisdiction claims on direct appeal following conviction," Gouin v. Commonwealth, 439 Mass. 1013, 1013 (2003), and cases cited, and, where appropriate, have reversed convictions on the ground that the trial court lacked jurisdiction. See, e.g., Commonwealth v. Grace, 43 Mass. App. Ct. 905, 907 (1997), and cases cited (District Court lacked jurisdiction to try drug-related conspiracy charge); Commonwealth v. Rowe, 18 Mass. App. Ct. 926, 927 (1984) (where indictment charged statutory rape, Superior Court lacked jurisdiction to convict defendant of indecent assault and battery); Commonwealth v. Burns, 8 Mass. App. Ct. 194, 195-196 (1979), and cases cited (trial court lacked jurisdiction where complaint failed to allege every element of crime charged). Fitzpatrick offers no reason why similar relief, if warranted, would be inadequate in his case. The single justice did not err or abuse his discretion by denying extraordinary relief in these circumstances.[3]

*Judgment affirmed.*

---

[1]Fitzpatrick also filed a motion to stay proceedings in the trial court pending this appeal. In light of the result we reach today, we take no action on the motion to stay.

[2]There exists an exception to this rule in cases where a "criminal defendant raises a double jeopardy claim of substantial merit." Neverson v. Commonwealth, 406 Mass. 174, 175 (1989). A defendant is entitled to raise such a claim before retrial. Id. We have declined, however, to extend this limited exception to other types of claims. See, e.g., Sanchez v. Commonwealth, 450 Mass. 1003 (2007) (statute of limitations); Bateman v. Commonwealth, 449 Mass. 1024 (2007) (sufficiency of evidence before grand jury); Cousin v. Commonwealth, 442 Mass. 1046 (2004) (speedy trial); King v. Commonwealth, 442 Mass. 1043 (2004) (preindictment delay); Gouin v. Commonwealth, 439 Mass. 1013 (2003) (subject matter jurisdiction). Fitzpatrick does not argue that his claim is analogous to a double jeopardy claim.

[3]In two cases concerning the transfer procedure set forth in G. L. c. 119, § 61 (since

The case was submitted on the papers filed, accompanied by a memorandum of law.

*Charles W. Groce, III*, for the petitioner.

---

repealed by St. 1996, c. 200, § 7), the court has addressed the merits of the juveniles' claims without definitively resolving the threshold question whether the juveniles had an adequate alternative remedy. *Two Juveniles* v. *Commonwealth,* 381 Mass. 736 (1980). *A Juvenile* v. *Commonwealth (No. 1),* 380 Mass. 552 (1980). In the former case, we affirmed a single justice's denial of relief on the merits and stated that it was therefore unnecessary to decide whether the matter "present[ed] a proper occasion for relief under G. L. c. 211, § 3." *Two Juveniles* v. *Commonwealth, supra* at 747. In the latter case, deciding the case on the substantive merits was appropriate because the single justice had reserved and reported the case and because the issues transcended the particular facts of the juvenile's case and raised a "question of proper transfer practice, involving the working relation between two departments of the Trial Court [that] call[ed] peculiarly for supervision and settlement by us . . . ." *A Juvenile* v. *Commonwealth, supra* at 556. Here, there was no reservation and report by the single justice; there is no systemic question concerning proper transfer procedure under G. L. c. 119, § 72A; and it plainly is necessary to determine whether Fitzpatrick has an adequate alternative remedy, for that is the sole issue before the court under S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001).

