*William Statkiewicz,* pro se.
*John W. Collier* for the defendant.

TYRONE GARDEN *vs.* COMMONWEALTH. November 15, 2011. *Supreme Judicial Court,* Superintendence of inferior courts, Appeal from order of single justice. *Statute,* Retroactive application. *Limitations, Statute of.*

The petitioner, Tyrone Garden, appeals from a judgment of a single justice of this court denying his petition pursuant to G. L. c. 211, § 3. We affirm.

On September 11, 2006, the Worcester District Court issued a criminal complaint against the petitioner charging him with aggravated rape, arising out of an incident that is alleged to have occurred on September 18, 1991, some fourteen years and eleven months earlier. Seven months later, the petitioner was indicted for the same offense as well as assault with intent to commit rape. At the time the offenses are alleged to have been committed, G. L. c. 277, § 63, as appearing in St. 1987, c. 489, required an indictment for such offenses to be found and filed within ten years of the date of the commission of the offense. The statute was amended in 1996, however, to enlarge the limitations period to fifteen years. G. L. c. 277, § 63, as amended by St. 1996, c. 26 (effective May 23, 2006).

The petitioner moved to dismiss the indictments in the Superior Court, arguing that they were barred by the applicable statute of limitations. Relying on *Commonwealth* v. *Bargeron,* 402 Mass. 589 (1988), the Superior Court judge concluded that the 1996 amendment applied retrospectively and that the petitioner's prosecution was not time barred, and he denied the motion to dismiss the indictment. The judge also denied the petitioner's motions for reconsideration, and declined to report the matter to the Appeals Court. The petitioner thereafter filed a petition in the county court seeking relief from the Superior Court judge's interlocutory rulings, pursuant to G. L. c. 211, § 3. He alleged that retroactive application of the 1996 amendment to G. L. c. 277, § 63, violates his constitutional rights to due process and equal protection; that *Commonwealth* v. *Bargeron, supra,* was wrongly decided; and that, irrespective

of the retroactive application of the statute, the date of the indictments rather than the date of the criminal complaint is the date criminal process commenced for purposes of the limitations period. A single justice denied the petition without a hearing.

The case is now before the court pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001). The rule requires the petitioner to demonstrate "why review of the trial court decision cannot adequately be obtained on appeal from any final adverse judgment in the trial court or by other available means." S.J.C. Rule 2:21 (2). He has failed to do so. A statute of limitations defense can adequately be addressed in the ordinary course of pretrial motions, trial, and appeal. See *Sanchez* v. *Commonwealth*, 450 Mass. 1003 (2007); *Ackerman* v. *Commonwealth*, 445 Mass. 1025, 1025-1026 (2006). See also *Jackson* v. *Commonwealth*, 437 Mass. 1008, 1009 (2002), and cases cited ("The denial of a motion to dismiss in a criminal case is not appealable until after trial, and we have indicated many times that G. L. c. 211, § 3, may not be used to circumvent that rule"). Although the petitioner claims that he has a right not to be tried on the indictment because of the passage of time, a statute of limitations defense — unlike a double jeopardy claim, which vindicates "the right *not to be tried at all*" — protects only the right to have charges brought in a timely fashion (emphasis in original). *Ackerman* v. *Commonwealth, supra* at 1025. The petitioner's remaining claims similarly may be raised and decided during the ordinary course of trial and appeal.

*Judgment affirmed.*

The case was submitted on the papers filed, accompanied by a memorandum of law.

*John M. Goggins* for the petitioner.

*Joseph J. Reilly, III, & Ellyn H. Lazar-Moore*, Assistant District Attorneys, for the Commonwealth.