JOHN DOE, SEX OFFENDER REGISTRY BOARD No. 147721 *vs.*
SEX OFFENDER REGISTRY BOARD.

No. 11-P-419.

Essex. January 6, 2012. - June 25, 2012.

Present: GRAHAM, RUBIN, & MILKEY, JJ.

*Sex Offender. Sex Offender Registration and Community Notification Act. Jurisdiction,* Sex offender.

This court concluded that it had jurisdiction to reach the question whether a Juvenile Court judge had authority to revisit his earlier decision exempting the plaintiff from the requirement of registering as a sex offender, where, in seeking judicial review of a subsequent decision of the Sex Offender Registry Board that he was a sex offender required to register, rather than seeking review of the judge's earlier decision by means of a petition to a single justice of the Supreme Judicial Court filed pursuant to G. L. c. 211, § 3, the plaintiff had followed the course chartered by case law. [43-47] GRAHAM, J., dissenting.

A Juvenile Court judge who had previously exempted the plaintiff from the requirement of registering as a sex offender lacked authority many years later to rescind that order based on the plaintiff's subsequent uncharged conduct. [47-48] GRAHAM, J., dissenting.

CIVIL ACTION commenced in the Superior Court Department on October 19, 2009.

The case was heard by *Nancy S. Holtz,* J., on a motion for judgment on the pleadings.

*Brandon L. Campbell* for the plaintiff.

*William H. Burke* for the defendant.

MILKEY, J. The plaintiff appeals from a Superior Court judgment that affirmed a decision by the Sex Offender Registry Board (SORB) requiring him to register as a level three sex offender. The plaintiff's status as a sex offender rests on his having been adjudicated delinquent in 2005 by reason of one count of indecent assault and battery on a person fourteen years of age or older (G. L. c. 265, § 13H). The plaintiff was thirteen

years old at the time of that index offense. Pursuant to G. L. c. 6, § 178E(*f*),[1] the Juvenile Court judge who sentenced the plaintiff exempted him from the obligation to register as a sexual offender. Three years later, the judge reconsidered his exemption decision based on subsequent conduct that the Commonwealth alleged (but for which the plaintiff never has been charged). The judge ordered the plaintiff to begin the registration process, and after hearing, SORB required him to register as a level three sex offender. In the context of an appeal of SORB's decision, the plaintiff argues that SORB lacked the authority to require him to register based on an adjudication of delinquency for which he had been exempted from registration. The plaintiff further argues that the Juvenile Court judge had no authority to amend his exemption ruling based on subsequent uncharged conduct, and that SORB therefore remained precluded from invoking the registration requirements. We agree and therefore reverse.

*Background.* When he was in sixth grade, the plaintiff was reprimanded for "grab[bing the] butt" of a female student on the school bus. Two years later, he was charged with multiple sexual offenses involving two girls at his middle school. The girls alleged that over the course of eighteen months, the plaintiff on many occasions touched their breasts and vaginas, and forced them to touch his penis. In addition, one of the girls alleged that the plaintiff violently coerced her into fellating him on three occasions. The plaintiff was charged as a juvenile with twelve counts of indecent assault and battery, three counts of rape, and one count of assault with intent to rape.

In May of 2005, the plaintiff pleaded delinquent by reason of

---

[1]Section 178E(*f*), as appearing in St. 1999, c. 74, § 2, provides in relevant part:

> "In the case of a sex offender who has been . . . adjudicated as a youthful offender or as a delinquent juvenile by reason of a sex offense, on or after December 12, 1999, and who has not been sentenced to immediate confinement, the court shall, within 14 days of sentencing, determine whether the circumstances of the offense in conjunction with the offender's criminal history indicate that the sex offender does not pose a risk of reoffense or a danger to the public. If the court so determines, the court shall relieve such sex offender of the obligation to register under sections 178C to 178P, inclusive."

one charge of indecent assault and battery, and the other fifteen charges were dismissed. The Juvenile Court judge committed him to the Department of Youth Services (DYS) until he turned eighteen years old, but suspended the sentence and placed him on probation until April 15, 2008. The judge simultaneously issued an order pursuant to G. L. c. 6, § 178E(*f*), exempting the plaintiff from having to register as a sex offender. The judge issued his order within fourteen days of sentencing as required by the statute, specifically finding that the plaintiff "does not pose a risk of re-offense or a danger to the public." The judge also expressed his intent to revisit the issue later, stating, "This finding will be reviewed upon the juvenile's completion of his probationary period."

In December of 2005, when the plaintiff was fifteen years old, he was suspended from school for sexually harassing female students. For example, according to the school principal, the plaintiff put his arm around one student and made a lewd comment about what he would be doing to her if she were older. For such conduct, he was found in violation of his probation and committed to DYS custody, where he remained until January of 2008.[2] By motion dated March 25, 2008, almost three years after sentencing on the index offense, the Commonwealth asked the same judge to "reconsider" his 2005 order that relieved the plaintiff from having to register as a sex offender. As grounds for its motion for reconsideration, the Commonwealth cited "significant changes in circumstances that show that the juvenile does pose a risk of re-offense and is a danger to the public." The record in the SORB hearing reflects that the Commonwealth was relying, at least primarily, on an alleged incident that had been reported to police the previous month. According to an affidavit from a Gloucester police detective (dated the same day

---

[2]The record reflects some confusion regarding the exact circumstances of his commitment to DYS custody. The probation reports state that the plaintiff was committed on January 3, 2006, while the hearing examiner concluded that the commitment did not occur until August 29, 2006. In addition, the hearing examiner concluded that the plaintiff had been found in violation of his probation in both January and August of 2006, while the probation records include only one (undated) finding and disposition form, and a police affidavit indicates that the August 29, 2006, probation hearing involved a sexual harassment incident at school. In the end, nothing turns on the exact date of the plaintiff's commitment or whether there was one probation violation or two.

as the Commonwealth's motion), a sixteen year old "special needs student" reported that the plaintiff kissed and digitally penetrated her at a party held on February 15, 2008. The context of the affidavit and the detective's reference to the incident as an "assault" suggests that the detective considered the plaintiff's actions to constitute a sexual offense.[3] Without comment, the judge endorsed the Commonwealth's motion as "allowed" on May 8, 2008,[4] and on that same date, an order was entered on the docket requiring the plaintiff to register with SORB. The plaintiff was never charged with any sexual offense relating to the incident at the February, 2008, party.

At the beginning of the SORB process, the plaintiff moved to dismiss the proceeding on the grounds that, through the 2005 order, the judge had exempted him from having to register. The hearing examiner tabled consideration of this matter so that the record could be developed. SORB counsel subsequently documented that the judge had allowed the motion for reconsideration and had ordered the plaintiff to register. On this basis, the hearing officer stated, without further discussion: "I therefore DENY the motion."

While in DYS custody, the plaintiff had participated in sex offender treatment at the Pilgrim Center in Plymouth, and he "graduated" from it on January 14, 2008. By the time of the SORB hearing, the plaintiff was nineteen years of age, he had undergone, and was continuing, psychoanalytic and other therapy, and he was on medication for his "working diagnosis" of bipolar disorder. He submitted various evidence to support his claim that he had left his past behind,[5] including the report and testimony of Dr. Frederick Winsmann, an expert on juvenile sex

[3]The affidavit does not specify whether the penetration was nonconsensual or whether whatever condition led the girl to be classified as a special needs student rendered her incapable of consent.

[4]The Juvenile Court docket, which was included in the SORB administrative record, does not expressly state that the judge held a hearing on the motion to reconsider, but there is an annotation that suggests that he did: "Ctrm #2 — start 11:25 — 11:29 — Nbpt. Court." In any event, no transcript of such a hearing is before us. However, the SORB hearing examiner appears to have credited evidence in the record that the judge rescinded his 2005 order based on the allegations involving the sixteen year old special needs student, and SORB does not contend otherwise now.

[5]The plaintiff documented that he had graduated high school, was enrolled

offenders. Dr. Winsmann did not assert that the plaintiff presented no risk of reoffending, but instead testified in detail as to why, in his opinion, the risk was only low to moderate.

The hearing examiner discounted the plaintiff's evidence for various reasons, and she concluded that the seriousness of the plaintiff's past conduct warranted his classification as a level three sex offender. She did not credit SORB's allegations regarding the 2008 incident with the special needs student, and she noted that the plaintiff never was charged for any sexual offense related to that incident.[6] Instead, she relied mainly on the sexual violence that the plaintiff had wreaked when he was twelve and thirteen years old.[7] After the decision, the plaintiff appealed pursuant to G. L. c. 30A, § 14. On the plaintiff's motion for judgment on the pleadings, a Superior Court judge upheld SORB's ruling without comment.

*Discussion.* The plaintiff's lead argument is that SORB could not compel him to register as a sex offender based on the 2005 adjudication of delinquency because the Juvenile Court judge exempted him from registration for that offense through his 2005 order.[8] See *Commonwealth* v. *Ronald R.*, 450 Mass. 262, 264 (2007) (recognizing that G. L. c. 6, § 178E[f], "allows a trial judge to relieve certain sex offenders, who have not been sentenced to immediate confinement, from the obligation to register with [SORB], including certain juveniles who are

in college, held a part-time job, and was involved in a relationship with an adult woman. He submitted eighteen letters from family members, friends (including his girlfriend), his employer, and others who sought to attest to his character and vouch for his having turned his life around.

[6]Given that the hearing examiner expressly declined to credit the allegations, SORB stated at oral argument that it is not relying on them on appeal (despite the fact that SORB highlighted these allegations in its brief).

[7]With regard to the 2005 charges, the hearing examiner credited the girls' detailed allegations, as recounted in the police reports, for all the offenses with which the plaintiff was charged, even though all but one eventually were dismissed. See *Doe, Sex Offender Registry Bd. No. 10304* v. *Sex Offender Registry Bd.*, 70 Mass. App. Ct. 309, 312-313 (2007) (upholding SORB's reliance on police report that detailed forcible rape, notwithstanding that plaintiff pleaded guilty to statutory rape).

[8]The plaintiff makes a variety of other arguments for reversal which, given our decision, we need not reach. Thus, we express no opinion about the seriousness of the conduct in which he was alleged to have engaged subsequent to the judge's 2005 order, or about whether — in a properly commenced proceeding — he properly might have been required to register.

adjudicated delinquent by reason of a sex offense").[9] As discussed *infra*, the plaintiff argues that the plain language of G. L. c. 6, § 178E(f), requires a judge to make his exemption decision based on existing information within fourteen days of sentencing, and does not authorize the judge to keep the issue open for later resolution based on subsequent uncharged conduct. If the judge had no authority to rescind his 2005 order, then SORB could not require him to register, because SORB's classification authority is expressly limited to those sex offenders "listed in" the State sex offender registry, G. L. c. 6, § 178K(3), as appearing in St. 1999, c. 74, § 2, and only "sex offenders required to register" are to appear in that registry, G. L. c. 6, § 178D, as appearing in St. 1999, c. 74, § 2. Before resolving the question of the judge's authority, we must address SORB's contention that this issue is not properly before us.

1. *Jurisdiction.* Relying on *Ronald R.*, *supra*, SORB argues that the only avenue through which a sex offender can obtain appellate review of a claim to exempted status under G. L. c. 6, § 178E(f), is through a petition to a single justice of the Supreme Judicial Court filed pursuant to G. L. c. 211, § 3. In *Ronald R.*, a Juvenile Court judge had denied a sex offender's request to be exempted from registration. The sex offender sought to file a direct appeal of the judge's decision, arguing that there was insufficient evidence to support the judge's finding that the juvenile "pose[d] a risk of reoffense or danger to the public." *Ronald R.*, 450 Mass. at 267. The Supreme Judicial Court held that no direct appeal is available but that, where appropriate, "either party may petition a single justice" for relief from the § 178E(f) decision, pursuant to G. L. c. 211, § 3. *Id.* at 266.

*Ronald R.* does not stand for the proposition that review of a judge's decision under § 178E(f) can be obtained only through a petition to a single justice of the Supreme Judicial Court. Rather, the court in that case held that a *direct* appeal from that

---

[9] A sex offender is ineligible for an exemption if (1) he has been determined to be a sexually violent predator; (2) he has been convicted of two or more sex offenses committed on different occasions; (3) he has been convicted of a sex offense involving a child or a sexually violent offense; or (4) he is otherwise subject to minimum or lifetime registration requirements. G. L. c. 6, § 178E(f). SORB never has questioned the plaintiff's eligibility for a statutory exemption.

decision was not available. The court declined to "read into G. L. c. 6, § 178E(*f*), a new route of appeal that was not expressed in the statutory text, where the Legislature has already created a separate process through which [SORB] determines whether a sex offender has a duty to register." *Ibid. Ronald R.* is consistent with the well-established rule that where administrative remedies exist, they must be exhausted before resort to the courts. See, e.g., *Doe, Sex Offender Registry Bd. No. 3974* v. *Sex Offender Registry Bd.*, 457 Mass. 53, 57-58 (2010), citing *East Chop Tennis Club* v. *Massachusetts Commn. Against Discrimination*, 364 Mass. 444, 448 (1973). The Supreme Judicial Court has been emphatic that a sex offender's route to plenary appellate review is to complete the administrative process and to take an appeal (like the one here) of SORB's ultimate classification decision, pursuant to G. L. c. 30A. *Id.* at 58 (one who is challenging SORB's authority even based on alleged absence of "predicate facts" that are " 'jurisdictional' in nature" still first must exhaust administrative remedies and raise issue before SORB).

In *Ronald R.*, the court stressed that a judge's denial of an exemption from registration merely puts the SORB machinery in gear, and that it is this separate administrative process "that determines whether a sex offender must ultimately register." ___ Mass. at 266. In the ordinary case, where a judge makes a ~~preli~~minary determination pursuant to § 178E(*f*) that a sex offender poses a risk of reoffense or a danger to the public, that determination will be superseded by SORB's decision on that issue.[10] In such a case, review under c. 30A would be of the findings that SORB made at the conclusion of its administrative process, rather than those made by the trial judge in the earlier action.

SORB's decision whether to require a sex offender to register is statutorily governed by the same factual inquiry as that of the trial judge. Compare G. L. c. ... 178E(*f*) ("the court shall . . . determine whether the circumstances of ...fense in conjunction with the offender's criminal history indicate that ... offender does not pose a risk of reoffense or a danger to the public"), ...G. L. c. 6, § 178K(2)(*d*), as appearing in St. 1999, c. 74, § 2 ("The ... may, upon making specific written findings that the circumstances of ...fense in conjunction with the offender's criminal history do not indicate ... of reoffense or a danger to the public . . . , relieve such sex offender of ...urther obligation to register . . .").

The context of the current case is markedly different for two reasons. First, there is an asymmetry to the statute. A judge's decision to deny an exemption, even if erroneous, leaves a sex offender's statutory obligation to register in place, requiring him to go through the SORB process. By contrast, a decision that someone is exempted from registration has independent force and effect. If the judge's purported "reconsideration" of his 2005 order was without authority, then that order, which relieved the plaintiff of the obligation to register, remained in force, forestalling any registration requirement based on the index offense. Second, the plaintiff here is not arguing that the judge abused his discretion in deciding, as a factual matter, that the plaintiff posed a risk of reoffense. Instead, the plaintiff is arguing that, under the statute, the judge had no authority to revisit that issue.[11] This is a pure question of law that was not superseded by SORB's subsequent determination that the plaintiff otherwise should be required to register.

SORB accurately points out that the hearing examiner did not make an independent assessment of the legal correctness of what the judge did. Moreover, SORB argues that it would not have been proper for the hearing examiner to engage in such review (after all, administrative agencies do not review whether trial judges committed an error of law; appellate courts do).[12] Assuming, arguendo, that SORB properly deferred to the judge, SORB's decision still is subject to judicial review in a c. 30A appeal. If the judge had no authority to reverse the 2005 order, then SORB's decision that the plaintiff was required to register as a sex offender was "[b]ased upon an error of law," and the remainder of the adjudication was "[i]n excess of [SORB's] statutory authority." G. L. c. 30A, § 14(7)(b), (c), as appearing in St. 1973, c. 1114, § 3. This is true regardless of whether

---

[11]We need not, and do not, resolve whether the plaintiff's contention that the judge lacked authority could be characterized as a matter of subject matter jurisdiction. Compare *Commonwealth* v. *DeJesus*, 440 Mass. 147, 151 (2003) (judge lacks jurisdiction to revise and revoke sentence after deadline in Mass. R.Crim.P. 29[a] has run).

[12]SORB argues that it could have been held in contempt had it concluded that the judge lacked authority to reconsider his 2005 order. Given that the judge did not issue any "clear and unequivocal command" to SORB, there is no merit to this argument. See *Birchall, petitioner*, 454 Mass. 837, 852 (2009).

SORB affirmatively decided that the judge was correct or instead concluded that it had no power to question his ruling.[13]

Notably, while SORB argues that the plaintiff is improperly pursuing a collateral attack on the judge's action, SORB has not suggested what the proper route for a direct plenary appeal would have been (suggesting only that, through G. L. c. 211, § 3, the plaintiff could have requested that a single justice of the Supreme Judicial Court allow such an appeal).[14] Given the sui generis nature of the decision for which the plaintiff seeks review (a decision by a Juvenile Court judge to reconsider a stand-alone civil order issued years earlier collateral to sentencing in a delinquency proceeding), no obvious alternative avenue of plenary appellate review presents itself. In our view, a judicial determination that implicates significant rights merits such review. Especially where the case law so strongly disfavors judicial review until the SORB process has been exhausted, we see no merit in faulting the plaintiff for bringing this matter before SORB in the first instance rather than trying to pursue a direct appeal of the judge's ruling.

In sum, we conclude that in seeking judicial review of whether he was a "sex offender required to register," G. L. c. 6, § 178D, the plaintiff followed the course charted by the case law, and that the question whether the judge had authority to revisit his

[13]*Doe, Sex Offender Registry Bd. No. 10800* v. *Sex Offender Registry Bd.*, 459 Mass. 603, 628-631 (2011), is not to the contrary. In that case, the Supreme Judicial Court, noting that administrative agencies lack the authority to determine the constitutionality of their own regulations, held that a constitutional challenge to a regulatory scheme cannot be raised in an appeal from an administrative decision. However, the reason a constitutional challenge cannot be decided in an administrative appeal is that "judicial review is confined to the administrative record, see G. L. c. 30A, § 14(5), which has been made based on the presumption that the classification scheme is constitutional." 459 Mass. at 630. A declaratory judgment action is necessary because it provides "a plenary hearing on the factual and legal bases for [a plaintiff's] grievance" in which SORB is "afforded the opportunity to rebut his contentions." *Ibid.* The legal question at issue here, by contrast, is perfectly capable of resolution on the administrative record before us.

[14]Whether the plaintiff could have obtained review pursuant to G. L. c. 211, § 3, is not properly before us. Compare *Fitzpatrick* v. *Commonwealth*, 453 Mass. 1014, 1015 (2009) (rejecting that avenue for review of whether Juvenile Court judge erred in determining that defendant should be tried as adult, where issue could be raised in direct appeal of any conviction in Superior Court).

2005 exemption determination is properly before us in the current appeal.

2. *Merits.* As *Ronald R.*, 450 Mass. at 266, highlights, a determination whether a sex offender should be exempted from registration is not part of the sentencing decision, but collateral to it. The statute requires a judge to make such a determination within fourteen days of sentencing, and it specifies the factors that the judge is to take into consideration in making his decision. Specifically, the statute states in pertinent part:

> "[T]he court shall, within 14 days of sentencing, determine whether the circumstances of the offense in conjunction with the offender's criminal history indicate that the sex offender does not pose a risk of reoffense or a danger to the public. If the court so determines, the court shall relieve such sex offender of the obligation to register under sections 178C to 178P, inclusive."

G. L. c. 6, § 178E(*f*). Consistent with the language of G. L. c. 6, § 178E(*f*), the judge exempted the plaintiff from registration after having expressly found — based on what was before him in 2005 — that the plaintiff "does not pose a risk of reoffense or a danger to the public." Although the judge purported to reserve his ability to change his mind based on the plaintiff's future conduct, nothing in the statutory language suggests he can do so. Nor can a request that the judge change his mind based on conduct occurring many years later properly be characterized as a motion for "reconsideration" of the earlier ruling.[15] In light of the plain language of the statute, we conclude that the judge had no authority to rescind his 2005 order based on the plaintiff's subsequent conduct (for which the plaintiff was not found delinquent and regarding which he was not even charged).

In so concluding, we acknowledge that there is some obvious commonsense appeal to the approach taken by the judge (allow-

[15]In addition, we note that the judge did not in fact revisit his ruling "upon the juvenile's completion of his probationary period," as he had proposed in his 2005 order, given that the plaintiff's probation terminated in 2006 when he was committed to DYS custody. See note 2, *supra.* Moreover, the plaintiff already had turned eighteen years of age by the date the judge revisited the registration issue. The plaintiff has not raised such issues as additional reasons the judge lacked authority, and we do not reach them.

ing the plaintiff to retain his exemption status only if he stayed out of trouble). However, the question we face is not whether the judge's approach makes sense as a matter of public policy, but whether it is consistent with the statute. The Legislature remains free to enact a probationary approach to exemption by amending the current, unambiguous language of the statute. Such policy issues are for the Legislature to decide, not us. See *DiGregorio* v. *Registrar of Motor Vehicles*, 78 Mass. App. Ct. 775, 782 (2011), quoting from *Bulger* v. *Contributory Retirement Appeal Bd.*, 447 Mass. 651, 661 (2006) ("[w]here . . . the language of the statute is clear, it is the function of the judiciary to apply it, not amend it").

We also emphasize the narrow scope of our holding. We do not agree with the plaintiff that once the fourteen-day period has run, a judge loses authority to reconsider his decision, even where the Commonwealth files a timely motion for reconsideration. The error here was not the judge's reconsideration of his decision, but his taking into consideration many years later the plaintiff's alleged subsequent conduct.[16]

Our interpretation does nothing to shield a sex offender from being required to register if he is convicted of (or determined delinquent by reason of) any new sexual offense. The Commonwealth thus has options it can pursue in the event that a trial judge's initial prediction that a sex offender is unlikely to reoffend is belied by a sex offender's subsequent conduct. However, where a judge has determined, based on the conduct before him at the time, that a juvenile is entitled to an exemption from registration, the Commonwealth cannot years later employ the shortcut of asking the judge to reconsider his earlier ruling based on subsequent uncharged conduct.

*Conclusion.* Because the plaintiff had been exempted from having to register as a sex offender for the only sex offense by reason of which he ever was found delinquent, SORB was without authority to require the plaintiff to register. Accordingly, the

---

[16]The judge revisited the plaintiff's exemption from registration years after the plaintiff's probation had been revoked. Therefore, the question whether the revocation of the plaintiff's probation was itself a new sentencing act that allowed the judge to make a new determination pursuant to G. L. c. 6, § 178E(*f*), is not properly before us.

judgment is reversed, and the case is remanded to the Superior Court for entry of a new judgment vacating SORB's decision.

*So ordered.*

GRAHAM, J. (dissenting). A little more than one month after his release from the Department of Youth Services (DYS) commitment, the plaintiff allegedly sexually assaulted a sixteen year old female special needs student at a party. As a result of this incident, the Commonwealth filed a motion to reconsider Sex Offender Registry Board (SORB) registration and requested a hearing on the issue. The Juvenile Court judge, who conditionally had exempted the plaintiff from registration with SORB largely due to his age, reconsidered his decision and ordered the plaintiff to register as a sex offender. After a hearing, a SORB hearing examiner conducted a de novo final classification hearing and issued a detailed decision classifying the plaintiff as a level three (high risk) sex offender, which requires active dissemination of certain information concerning the plaintiff and his history of sex offenses via various means of community notification.[1]

The majority has concluded that the plain language of G. L.

---

[1] In assessing the plaintiff's risk and dangerousness, the hearing examiner identified the following factors that elevated his risk to reoffend and degree of dangerousness: repetitive and compulsive behavior as evidenced by his numerous sexual offenses against two victims over a two-year period; use of violence in commission of sex offenses; sex offenses committed in public places, where detection is more likely, suggesting a lack of impulse control; length of time during which the plaintiff abused the victims; the number of victims, which indicated a heightened risk of reoffense and greater dangerousness; and the plaintiff's poor adjustment to probation on his index offense.

The hearing examiner's conclusions were based, in part, on the following incidents leading up to the index offense. While in sixth grade, the plaintiff was reprimanded and suspended for sexually assaulting at least one female student. When he was twelve and thirteen years old, he began a series of sexual assaults on two female victims. At a police interview on March 22, 2004, the first victim disclosed that the plaintiff forced her to perform oral sex on him three times at the school they attended. She stated that in or around November, 2003, the plaintiff followed her out of the library, pinned her on the stairs, and shoved his penis into her mouth. She also disclosed another incident in which the plaintiff grabbed her from behind, put his hands over her mouth, threw her down a landing, and threw her against the wall, bruising her

c. 6, § 178E(*f*), did not permit the judge to alter his determination of relief from registration based on conduct that occurs after the fourteen-day statutory deadline. I disagree, and therefore, I respectfully dissent. I would conclude that the proper venue for the plaintiff to challenge the judge's reconsideration of his 2005 order of relief from registration is neither with SORB nor this court, but in the Juvenile Court through a motion for further consideration or, in the alternative, a single justice appeal to determine the judge's ability to revoke his 2005 order excusing Doe from registration. See *Commonwealth* v. *Ronald R.*, 450 Mass. 262, 266 (2007) ("Although a sex offender may not appeal from a judge's decision not to waive the registration requirement, we conclude that either party may petition a single justice of this court, pursuant to G. L. c. 211, § 3 . . ."). Here, by claiming that SORB has no jurisdiction to require him to register, the plaintiff improperly is mounting a collateral attack against the judge's decision.

In *Ronald R.*, *supra*, the court determined that a juvenile does not have the right to a direct appeal of a denial of his petition to waive his sex offender registration obligation, pursuant to G. L. c. 6, § 178E(*f*), because "there is a separate system in place, i.e., [SORB], that determines whether a sex offender must ultimately register." However, in this case, the plaintiff is not attacking the denial of a petition to waive sex offender registration, but the legality of the judge's ability to reconsider a prior order of relief from registration, which he claims violates G. L. c. 6, § 178E(*f*). Therefore, because the plaintiff was not exempted from registration by the judge, SORB properly followed its registration and classification procedures in determining that the plaintiff was required to register as a sex offender.

By raising the issue pursuant to a G. L. c. 30A, § 14, petition for judicial review of SORB's decision, the plaintiff's request amounts to an improper collateral attack against the legality of the judge's order. General Laws c. 30A, § 14, only gives the

hip bone. The plaintiff then told her, "Get on your knees, bitch," pushed her down, and forced his penis into her mouth. This victim bit his penis, and he slapped her and walked away. Finally, one day after school, the plaintiff pulled the first victim down the stairs and put his penis in her mouth. He later telephoned the first victim, called her a "Ho," and said that if she ever told anyone about the incident, he would say that he paid her do it.

plaintiff a right to judicial review of the SORB decision in order to determine if that decision is supported by substantial evidence, constitutes an abuse of discretion, or reflects an error of fact or law by the hearing examiner.

Moreover, although G. L. c. 6, § 178E(*f*), requires the judge to make a determination within fourteen days of sentencing, there is no language precluding reconsideration by the judge. The statute neither authorizes nor prohibits the judge from revisiting a conditional finding exempting a plaintiff from registration.

Accordingly, I would conclude that the plaintiff waived his right to contest the legality of the judge's decision to revisit the issue when the plaintiff did not challenge the order when it entered. I would affirm the decision.