MELISSA PFEIFFER *vs.* COMMONWEALTH. December 11, 2013. *Supreme Judicial Court,* Superintendence of inferior courts. *Practice, Criminal,* Indictment.

Melissa Pfeiffer appeals from a judgment of a single justice of this court denying, without a hearing, her petition for relief under G. L. c. 211, § 3. We affirm.

Pfeiffer has been indicted for various offenses, including murder in the second degree. She moved to dismiss the murder indictment on the ground, among others, that the proceedings before the grand jury were impaired because the grand jury were not instructed as to the elements of the offense.[1] A judge in the Superior Court denied the motion. Pfeiffer's G. L. c. 211, § 3, petition followed.

The case is before us pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001), which requires an appellant in these circumstances to "set forth the reasons why review of the trial court decision cannot adequately be obtained on appeal from any final adverse judgment in the trial court or by other available means." Pfeiffer has not carried her burden under the rule. It is well established that the denial of a motion to dismiss an indictment cannot be appealed as a matter of right until after trial and that a petition for extraordinary relief under G. L. c. 211, § 3, cannot be used to circumvent this rule. E.g., *Owens* v. *Commonwealth,* 465 Mass. 1010 (2013), and cases cited. We have recognized a narrow exception in cases where the motion to dismiss raises a double jeopardy claim of substantial merit. See *Neverson* v. *Commonwealth,* 406 Mass. 174, 175-176 (1989). But we have routinely declined to extend the exception to claims other than double jeopardy. *Fitzpatrick* v. *Commonwealth,* 453 Mass. 1014, 1015 n.2 (2009), and cases cited. Pfeiffer's claim that the indictment was defective, unlike a double jeopardy claim, does not implicate a right not to be tried at all. Cf. *Garden* v. *Commonwealth,* 460 Mass. 1018, 1019 (2011). Moreover, her claim is not meaningfully different from other types of claimed defects in grand jury proceedings, which are regularly (and effectively) reviewed in direct appeals following convictions. See, e.g., *Commonwealth* v. *McCarthy,* 385 Mass. 160 (1982) (reversing conviction and dismissing indictment where insufficient evidence presented to grand jury); *Commonwealth* v. *Truong Vo Tam,* 49 Mass. App. Ct. 31 (2000) (same); *Commonwealth* v. *Carr,* 464 Mass. 855, 868-869 (2013) (reviewing, after conviction, claim of impairment of integrity of grand jury proceedings); *Commonwealth* v. *Sullivan,* 82 Mass. App. Ct. 293, 298-299 (2012) (same); *Commonwealth* v. *McLeod,* 394 Mass. 727, 732-735, cert. denied sub nom. *Aiello* v. *Massachusetts,* 474 U.S. 919 (1985) (reviewing, after conviction, claims of prejudice, pretrial publicity, and hostility of grand jury). See also

---

[1] In addition, Pfeiffer argued that the evidence before the grand jury was insufficient and that the prosecutor gave an improper limiting instruction as to one witness's testimony. She does not press these claims here.

*Hadfield* v. *Commonwealth*, 387 Mass. 252, 256 (1982) (affirming denial of interlocutory extraordinary relief where defendants' claim that grand jury sat at prohibited time could be addressed on direct appeal).

*Judgment affirmed.*

The case was submitted on the papers filed, accompanied by a memorandum of law.

*James M. Doyle* for the petitioner.