NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-11779

DAVID SOUCY  vs.  COMMONWEALTH.


March 6, 2015.



Supreme Judicial Court, Superintendence of inferior courts.



David Soucy appeals from a judgment of a single justice of
this court denying his petition for relief under G. L. c. 211,
§ 3.  We affirm.

Soucy was indicted for trafficking in a class B substance
in violation of G. L. c. 94C, § 32E.  In moving to dismiss the
indictments, he argued that because the charges concerned
pharmaceutical drugs (oxycodone tablets), the weight
requirements under § 32E should be measured by the weight of the
controlled substance (oxycodone) contained in the tablets, not
by the tablets' total weight, and that there was an insufficient
amount of the controlled substance in the tablets to meet the
statutory weight requirements.  His motion was denied by a judge
in the Superior Court.  His G. L. c. 211, § 3, petition in the
county court challenged that interlocutory ruling.  The single
justice denied relief without a hearing.

Under S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001),
Soucy is required to "set forth the reasons why review of the
trial court decision cannot adequately be obtained on appeal
from any final adverse judgment in the trial court or by other
available means."  He has not done so.  If and when he is
convicted on one or more of the indictments, any challenge to
the weight requirements under § 32E or to the sufficiency of the

evidence in support of those requirements can adequately be reviewed in the normal appellate process.

"The denial of a motion to dismiss in a criminal case is not appealable until after trial, and we have indicated many times that G. L. c. 211, § 3, may not be used to circumvent that rule. Unless a single justice decides the matter on the merits or reserves and reports it to the full court, neither of which occurred here, a defendant cannot receive review under G. L. c. 211, § 3, from the denial of his motion to dismiss." Jackson v. Commonwealth, 437 Mass. 1008, 1009 (2002), and cases cited. A very limited exception exists where, before a trial or a retrial, a defendant raises a double jeopardy claim of substantial merit. Id. See Neverson v. Commonwealth, 406 Mass. 174, 175-176 (1989). But we have consistently rejected attempts to obtain interlocutory review as a matter of right under G. L. c. 211, § 3, of denials of motions to dismiss on other bases that defendants have attempted to analogize to double jeopardy claims. See, e.g., Grand-Pierre v. Commonwealth, 461 Mass. 1003, 1004 (2011) (challenge to constitutionality of statute under which defendant was charged); Garden v. Commonwealth, 460 Mass. 1018, 1019 (2011) (statute of limitation claim); Fitzpatrick v. Commonwealth, 453 Mass. 1014, 1015 (2009) (jurisdictional claim); Bateman v. Commonwealth, 449 Mass. 1024, 1024-1025 (2007) (challenge to sufficiency of evidence before grand jury); Cousin v. Commonwealth, 442 Mass. 1046, 1046 (2004) (speedy trial claim); King v. Commonwealth, 442 Mass. 1043, 1044 (2004) (claim of preindictment delay); Jackson v. Commonwealth, supra (due process challenge to prosecution). See also 1 Appellate Practice in Massachusetts § 1.5, at 1-14 (Mass. Cont. Legal Educ. 3d ed. Supp. 2014) ("The exception is based on the unique nature of the guarantee not to be placed in jeopardy twice"). There is simply "no case in which we have held that a . . . claimant [in Soucy's position], like a double jeopardy claimant, is entitled to review pursuant to G. L. c. 211, § 3." Jackson v. Commonwealth, supra.

The single justice neither erred as a matter of law nor abused his discretion in denying the petition.

Judgment affirmed.

The case was submitted on the papers filed, accompanied by a memorandum of law.

William J. Barabino for the petitioner.

Elin H. Graydon, Assistant District Attorney, for the Commonwealth.