COMMONWEALTH *vs.* ONE 1980 VOLVO AUTOMOBILE. April 15, 1983. The Commonwealth appeals from a Superior Court determination that a 1980 Volvo automobile was not subject to forfeiture pursuant to G. L. c. 94C, § 47 (*a*) (3). The Commonwealth alleges that the 1980 Volvo was used to transport or otherwise facilitate the manufacture, distribution, or possession of cocaine, a Class B controlled substance. See G. L. c. 94C, § 31. The judge concluded that the plain and unambiguous language of G. L. c. 94C, § 47 (*a*) (3), by virtue of its reference to § 32 of the act,

authorized forfeiture of an automobile only if it was used to facilitate the distribution of a Class A controlled substance. Therefore, he dismissed that portion of the complaint seeking forfeiture of the automobile[1] because it alleged that the defendant automobile had been used to transport cocaine, which is a Class B substance. The Commonwealth appeals. We affirm.

The statute on which the Commonwealth relies, G. L. c. 94C, § 47 (a) (3), provided that an automobile is subject to forfeiture if it is used to transport a "controlled substance in violation of the provisions of section thirty-two." Section 32 of G. L. c. 94C, as appearing in St. 1980, c. 436, § 4, prohibits the manufacture, distribution, or possession with intent to distribute, of any controlled substance classified as Class A in G. L. c. 94C, § 31. In § 31, cocaine is classified as a Class B substance.[2]

Contrary to the judge's conclusion, the Commonwealth contends that G. L. c. 94C, § 47, is ambiguous. The Commonwealth claims that we should decide that G. L. c. 94C, § 47 (a) (3), is ambiguous because the Legislature only provided for the forfeiture of automobiles used to distribute Class A and Class D substances. See G. L. c. 94C, § 47 (c) (4). We fail to see the ambiguity relied on by the Commonwealth. Simply put, in 1980, when the statute was amended, the Legislature did not provide for the forfeiture of automobiles for classes other than Class A and Class D.[3] "Plain omissions in the law . . . cannot be supplied by *those charged with administering the law or by the courts in construing and interpreting the statutes*" (emphasis supplied). *Commonwealth* v. *Marrone*, 387 Mass. 702, 704-705 (1982), quoting *Thacher* v. *Secretary of the Commonwealth*, 250 Mass. 188, 190-191 (1924).

"It is elementary that the meaning of a statute must, in the first instance, be sought in the language in which the act is framed and if that is plain, . . . the sole function of the courts is to enforce it according to its terms." *James J. Welch & Co.* v. *Deputy Comm'r of Capital Planning & Operations*, 387 Mass. 662, 666 (1982), quoting *Caminetti* v. *United States*, 242 U.S. 470, 485 (1917). See *Hoffman* v. *Howmedica, Inc.*, 373 Mass. 32, 37 (1977). We are not free simply to add language to a stat-

---

[1] This complaint also sought forfeiture of $1,900 found in the glove compartment of the defendant vehicle. The registered owner's motion to dismiss, which was allowed, sought to dispose of only that portion of the complaint praying for forfeiture of the automobile. Therefore, issues concerning the money are not before us.

[2] Heroin and lysergic acid are the principal Class A substances in G. L. c. 94C, § 31.

[3] Section 47 (a) (3) of G. L. c. 94C was amended by St. 1982, c. 650, § 16, effective January 5, 1983. As a result of the amendment, the words "section thirty-two" are struck, and the words "section thirty-two, thirty-two A, thirty-two B, thirty-two C, thirty-two D, thirty-two E, thirty-two F, thirty-two G or any part thereof" are inserted in their place.

ute for the purpose of "interpret[ing] [the statute] according to [the Legislature's] perceived objectives." *James J. Welch & Co.* v. *Deputy Comm'r of the Div. of Capital Planning & Operations, supra.*

Reading the plain and unambiguous language of G. L. c. 94C, § 47 (*a*) (3), we conclude that the judge properly dismissed that portion of the complaint which sought forfeiture of the automobile used for the transportation of cocaine.

*Judgment affirmed.*

*Kevin J. Ross,* Assistant District Attorney, for the Commonwealth.
*Michael R. Hugo* for the defendant.