COMMONWEALTH *vs.* RONALD R., a juvenile.

Plymouth. October 1, 2007. - December 13, 2007.

Present: MARSHALL, C.J., GREANEY, IRELAND, SPINA, COWIN, CORDY, & BOTSFORD, JJ.

*Sex Offender. Sex Offender Registration and Community Notification Act. Statute,* Construction. *Due Process of Law,* Sex offender, Burden of proof, Juvenile delinquency proceeding.

Discussion of the statutory registration scheme for sex offenders. [264-265]

A juvenile who was adjudicated delinquent by reason of the rape of a child under sixteen years old had no separate right of appeal from a judge's decision to deny the juvenile's motion for relief from the requirement that he register as a sex offender, where the statutorily mandated hearing on registration was a collateral proceeding to the underlying adjudication, and where the Legislature, in G. L. c. 6, § 178E (*f*), created a separate process through which the Sex Offender Registry Board determines whether a sex offender has a duty to register. [265-267]

A Juvenile Court judge did not abuse his discretion in denying the juvenile's motion for relief from the requirement that he register as a sex offender with the Sex Offender Registry Board, where a conscientious judge, acting intelligently, could conclude that a teenager who engaged in the type of behavior for which the juvenile was adjudicated delinquent posed a danger to the public [267]; further, the juvenile failed to demonstrate any violation of his due process rights arising from the proceedings [267-268].

This court clarified that a person who seeks relief under G. L. c. 6, § 178E (*f*), from the requirement that he register as a sex offender bears the burden of proof that he does not pose a risk of reoffense [268-269], and that the decision in such a situation to grant a request for written findings of facts and legal conclusions, or to grant an evidentiary hearing, rests soundly in the judge's discretion [270].

COMPLAINT received and sworn to in the Plymouth County Division of the Juvenile Court Department on November 2, 2004.

The case was heard by *John P. Corbett,* J., and a motion to relieve the juvenile from registration as a sex offender was heard by him.

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*Andrew S. Crouch* for the defendant.

*Gail M. McKenna,* Assistant District Attorney, for the Commonwealth.

IRELAND, J. In April, 2005, after a jury-waived trial, the juvenile was adjudicated delinquent by reason of the rape of a child under sixteen years old in violation of G. L. c. 265, § 23. Pursuant to G. L. c. 6, §§ 178C-178P, because he was adjudicated delinquent by reason of a sex crime, he was required to register as a sex offender with the Sex Offender Registry Board (board). In May, 2005, the judge held a nonevidentiary hearing pursuant to G. L. c. 6, § 178E (*f*), on the juvenile's motion for relief from the statute's registration requirement. The judge denied the motion and the juvenile appealed from only the judge's decision not to waive the registration requirement. The Appeals Court affirmed the judge's order in an unpublished memorandum and order pursuant to its rule 1:28. *Commonwealth* v. *Ronald R.,* 67 Mass. App. Ct. 1107 (2006). We granted the juvenile's application for further appellate review. Because we conclude that the issue raised is not a part of the criminal proceeding and consequently there is no right of review other than G. L. c. 211, § 3, we remand the case to the Juvenile Court so that the matter may be sent to the board. We also clarify some of the procedural questions this case raises with respect to hearings pursuant to G. L. c. 6, § 178E (*f*), namely, who bears the burden of proof and whether a defendant is entitled to written findings and an evidentiary hearing.

*Facts and procedural background.* We present the essential facts the judge was warranted in finding. In the summer of 2004, the juvenile, who was fourteen years old at the time, engaged in vaginal and oral sex with a six year old child who had gone to the juvenile's house to swim. The victim testified that, before the actual rape took place, the juvenile told her that she had to "do something" in order to go in the pool and even offered her money.

At the sentencing hearing on May 13, 2005, held several weeks after the trial, the juvenile was committed to the Department of Youth Services until his eighteenth birthday but his sentence was suspended and he was placed on probation. As a condition of his probation he was ordered to complete a two-year sex offender program for adolescent sex offenders at the Lake Grove School.

During the sentencing hearing the assistant district attorney and a probation officer who had prepared a presentence report for the judge, informed the judge that they were concerned that the defendant would not participate in the counselling programs available at the school. However, the juvenile's therapist stated that the juvenile passed two social skills groups and that he "participates real well in group." Ultimately, the probation officer stated that he spoke with several professionals and they assured him that the program "is one of the better programs in the Commonwealth." On May 26, 2005, the judge held a hearing to consider the issue of sex offender registration pursuant to G. L. c. 6, § 178E (f). After hearing arguments from counsel, the judge denied the juvenile's motion for relief from his duty to register as a sex offender.

The juvenile argues that he has a right of appeal from the judge's decision to deny his motion for relief from his duty to register as a sex offender under G. L. c. 6, § 178E (f). Moreover, he offers several grounds to support his assertion that the registration hearing violated his due process rights.

*Discussion.* The Legislature adopted G. L. c. 6, §§ 178C-178O, an extensive statutory registration scheme for sex offenders, in order to protect the public from "the danger of recidivism posed by sex offenders." *Doe, Sex Offender Registry Bd. No. 3844* v. *Sex Offender Registry Bd.*, 447 Mass. 768, 769 (2006), quoting St. 1999, c. 74, § 1. Under G. L. c. 6, §§ 178C-178P, there is a presumption that sex offenders must register.[1] However, under G. L. c. 6, § 178E (f), there is an exception that allows a trial judge to relieve certain sex offenders, who have not been sentenced to immediate confinement, from the obligation to register with the board, including certain juveniles who are adjudicated delinquent by reason of a sex offense.[2] Sex offenders who do not fall within an exception to the duty to register,

---

[1]General Laws c. 6, § 178C, defines the term "[s]ex offender" as "a person who resides, . . . works or attends an institution of higher learning in the commonwealth and who has been convicted of a sex offense or who has been adjudicated as a youthful offender or a delinquent juvenile by reason of a sex offense."

[2]General Laws c. 6, § 178E (f), states in relevant part: "In the case of a sex offender who has been . . . adjudicated as a youthful offender or as a delinquent juvenile by reason of a sex offense, on or after December 12, 1999, and who

such as G. L. c. 6, § 178E (*f*), must register with the board and proceed to the two-step process of registration and classification through the board. *Id.* at 771. See note 3, *infra*. "First, the board makes a recommendation on the offender's duty to register and the appropriate classification level." *Id.* Second, if the offender rejects the recommendation then the offender is entitled to an "individualized evidentiary hearing." *Id.* at 772. The hearing is a proceeding before the board, which bears the burden of proving by a preponderance of the evidence that the offender has a duty to register and determining his final classification. 803 Code Mass. Regs. § 1.10 (2002). "The [hearing] examiner is required to issue a written decision containing a statement of the issues . . . ; a summary of evidence, including credibility determinations; specific findings of fact [and] rulings of law . . . ." *Doe, Sex Offender Registry Bd. No. 3844* v. *Sex Offender Registry Bd., supra* at 772. Once the hearing examiner has reached a decision, the sex offender has a right of appeal to the Superior Court. See G. L. c. 6, § 178M; G. L. c. 30A, § 14.

As a threshold matter, the juvenile claims that he has a separate right of appeal from the judge's decision to deny his motion for relief from the registration requirement. He argues that the statutorily mandated hearing was an "extension of the sentencing process from which the juvenile had an automatic right of appeal," rather than a collateral proceeding. The juvenile's sole support for this argument is *Commonwealth* v. *Fraire*, 55 Mass. App. Ct. 916, 917 (2002), where the Appeals Court affirmed the denial of a motion for new trial determining that immigration consequences were collateral because an agency over which the trial judge had no control handed down the consequences. *Id.* at 917-918. The juvenile argues that because the Juvenile Court

has not been sentenced to immediate confinement, the court shall, within 14 days of sentencing, determine whether the circumstances of the offense in conjunction with the offender's criminal history indicate that the sex offender does not pose a risk of reoffense or a danger to the public. If the court so determines, the court shall relieve such sex offender of the obligation to register under sections 178C to 178P, inclusive. The court may not make such a determination or finding if the sex offender has been determined to be a sexually violent predator; has been convicted of two or more sex offenses . . . committed on different occasions; has been convicted of a sex offense involving a child . . . or if the sex offender is otherwise subject to minimum or lifetime registration requirements . . . ."

Department is not an arm of the board and the hearing was "conducted in front of the trial judge, involving the same participants acting under a single docket number in the same court of law," it could not be deemed collateral. This argument has no merit. A collateral proceeding is "separate from but not entirely divorced from the underlying judgment." *Farnum* v. *Mesiti Dev.*, 68 Mass. App. Ct. 419, 423 (2007). Therefore, a proceeding may be collateral even though it involves the same participants before the same judge.

Moreover, in *Commonwealth* v. *Shindell*, 63 Mass. App. Ct. 503, 504-505 (2005), the defendant tried to withdraw her guilty plea claiming she was unaware that she might be required to register as a sex offender. The court noted that the decision whether she should register was made by the board and that "[t]he fact that an entity outside the court decides whether the defendant *ultimately* must register is the very definition of a collateral consequence" (emphasis added). *Id.* at 505. The juvenile dismisses this holding by asserting that under § 178E (*f*), "it is the trial judge himself who . . . controls the decision of whether the juvenile should be relieved from his obligation to register." However, he neglects to mention that there is a separate system in place, i.e, the board's, that determines whether a sex offender must ultimately register. Once the juvenile is denied relief from the obligation to register pursuant to G. L. c. 6, § 178E (*f*), he has no automatic right of appeal.

A general tenet of statutory construction is that the "statutory expression of one thing is an implied exclusion of other things omitted from the statute." *Harborview Residents' Comm., Inc.*, v. *Quincy Hous. Auth.*, 368 Mass. 425, 432 (1975). Here, the juvenile is asking this court to read into G. L. c. 6, § 178E (*f*), a new route of appeal that was not expressed in the statutory text, where the Legislature has already created a separate process through which the board determines whether a sex offender has a duty to register.

Although a sex offender may not appeal from a judge's decision not to waive the registration requirement, we conclude that either party may petition a single justice of this court, pursuant to G. L. c. 211, § 3, which grants this court "general superintendence . . . to correct and prevent errors and abuses" for the

furtherance of justice. G. L. c. 211, § 3. The juvenile did not do so here and our review of the record indicates he would not have grounds to do so. Nevertheless, we briefly address the claims he raises since they are fully briefed. Cf. *Wellesley College* v. *Attorney Gen.*, 313 Mass. 722, 731 (1943).

The juvenile claims that the "judge abused his discretion in finding that [he] was not entitled to relief from registration as a sex offender." In order for the juvenile to sustain an abuse of discretion claim, he must demonstrate that "no conscientious judge, acting intelligently, could honestly have taken the view expressed by him." *Commonwealth* v. *Ira I.*, 439 Mass. 805, 809 (2003), quoting *Commonwealth* v. *Bys*, 370 Mass. 350, 361 (1976). He claims that, based on the uncontradicted evidence presented, the judge abused his discretion in light of the fact that the juvenile lacked a prior criminal record and there was no evidence presented that suggested the juvenile poses a risk of reoffense or danger to the public. We disagree. The judge's sole task pursuant to G. L. c. 6, § 178E (*f*), is to "determine whether the circumstances of the offense in conjunction with the offender's criminal history indicate that the sex offender does not pose a risk of reoffense or a danger to the public." Here, the facts are alarming; the juvenile, a fourteen year old boy, raped a six year old girl both orally and vaginally. Given the circumstances of this case, a conscientious judge, acting intelligently, could conclude that a teenager engaging in this type of behavior poses a danger to the public. The juvenile has not demonstrated an abuse of discretion.

The juvenile also claims that the judge violated due process when he used the wrong standard of review during the hearing because the judge stated, "I have the authority to relieve him from his obligation to register as a sex offender, but I choose on the facts of this case not to do so." The juvenile argues this statement shows that the judge did not apply the appropriate standard, namely whether "the circumstances of the offense in conjunction with the offender's criminal history indicate . . . a risk of reoffense" because the judge did not "relate the facts he was relying upon to make his determination . . . nor did he make . . . findings" related to the specific standard. We disagree. The juvenile cites no authority and nothing in the language of

the statute suggests that judges must recite the facts relied on or repeat verbatim the standard before making a decision. Here, the judge presided over the hearing as well as the bench trial and the sentencing hearing. Consequently, the judge was well aware of the circumstances of the case. Furthermore, the juvenile presents no evidence of a prior criminal history and the Commonwealth claims that the juvenile has no criminal history. Therefore, the judge was in a position to conclude that, based on "the facts of this case," the juvenile was not entitled to relief from his duty to register as a sex offender.

The juvenile further claims that his due process rights were violated when the Commonwealth improperly referenced unproved allegations of prior bad acts that were prejudicial to the juvenile's case because they "painted him as a repeat offender." We disagree. The judge only relied on the facts of the case before him, which is evident by his statement that "on the facts of this case" he chose not to relieve him. Moreover, we conclude that the facts alone, a fourteen year old raping a six year old, are sufficient to support the judge's conclusion that the juvenile poses a danger to the public and his subsequent denial of the waiver of the duty to register.

*Other issues.* Although the juvenile's appeal is not properly before us, we use this opportunity to clarify some issues that are likely to arise again under G. L. c. 6, § 178E (*f*).

1. *Burden of proof.* The juvenile argues that the judge improperly shifted the burden of proof to him to show that he need not register as a sex offender. The judge was correct. General Laws c. 6, § 178E (*f*), benefits a limited class of sex offenders by granting them the opportunity to avoid registration. "A person who seeks relief under a statute bears the burden of proving that his case falls within its terms," especially where a statute already protects due process rights. *Andrews, petitioner*, 449 Mass. 587, 590 (2007), quoting *Thompson* v. *Commonwealth*, 386 Mass. 811, 815 (1982) (where patient sought transfer to less secure mental health facility pursuant to G. L. c. 123, § 9 [*b*], that patient bore burden of proof by a preponderance of evidence). See *Sullivan* v. *Quinlivan*, 308 Mass. 339, 342 (1941). Here, the statutory scheme regulating registration already affords a sex offender due process protections. See *Doe, Sex Of-*

*fender Registry Bd. No. 972* v. *Sex Offender Registry Bd.*, 428
Mass. 90, 103-104 (1998) (board satisfies offender's due process
rights under State and Federal Constitutions where preponder-
ance of evidence standard in conjunction with detailed findings
demonstrates that evidence has been scrutinized and appropriate-
ness of classification has been shown).

Moreover, the language of G. L. 6, § 178E (*f*), suggests that
the burden of proof should rest on the sex offender: "[T]he
court shall . . . determine whether the circumstances of the
offense in conjunction with the offender's criminal history
indicate that the sex offender does *not* pose a risk" (emphasis
added). A general principle of statutory construction is that
"every word in a statute should be given meaning." *Matter of a
Civil Investigative Demand Addressed to Yankee Milk, Inc.*, 372
Mass. 353, 358 (1977). Furthermore, when interpreting a
particular statutory provision "it should be construed as part of
a statute as a consistent whole." *Chelmsford Trailer Park, Inc.*
v. *Chelmsford*, 393 Mass. 186, 197 (1984), quoting *Walker* v.
*Board of Appeals of Harwich*, 388 Mass. 42, 51 (1983). The
Legislature's use of the word "not" suggests that the burden is
on the sex offender because as a practical matter he is in the
best position to bring forth evidence demonstrating that he does
not pose a risk of reoffense. Moreover, that the Legislature in
G. L. c. 6, § 178E (*e*),[3] clearly placed the burden of proof on
the Commonwealth and the fact that this type of clear language
is absent in § 178E (*f*), suggests that the Legislature did not
intend to place the burden on the Commonwealth. *National
Lumber Co.* v. *United Cas. & Sur. Ins. Co.*, 440 Mass. 723, 728
(2004) ("Where language in certain provisions is noticeably
absent from other provisions of the same statute," language
should not be presumed where it is excluded). Therefore, a
defendant bears the burden of proof during a hearing pursuant
to G. L. c. 6, § 178E (*f*).

---

[3]General Laws c. 6, 178E (*e*), allows the Commonwealth to relieve sex of-
fenders of the duty to register and it places the burden of proof on the
Commonwealth. General Laws c. 6, § 178E (*e*), states in relevant part: "upon
written motion of the commonwealth, a court which enters a conviction or
adjudication of delinquent or as a youthful offender may, at the time of
sentencing, . . . find that a sex offender shall not be required to register under
sections 178C to 178P, inclusive. Such motion by the *commonwealth shall
state the reasons for such motion with specificity*" (emphasis added).

2. *Right to written findings and evidentiary hearing.* The juvenile argues that the judge violated his due process rights when he failed to issue a written statement of facts and law to support his decision.[4] We note that the juvenile did not request written findings nor did he explicitly request an evidentiary hearing. The statute is silent on whether a defendant is entitled to written findings of facts and legal conclusions or an evidentiary hearing. Accordingly, we conclude that, although a defendant may request written findings and legal conclusions or an evidentiary hearing, the decision whether to grant the request rests soundly in the judge's discretion.

*Conclusion.* For the reasons set forth above, we remand the case to the Juvenile Court so that the matter may be sent to the Sex Offender Registry Board.

*So ordered.*

---

[4]The juvenile also argues that he was entitled to a hearing. Pursuant to G. L. c. 6, § 178E (*f*), "the court may not relieve a sex offender of the duty to register] if the sex offender . . . has been convicted of a sex offense involving a child . . . ." The Commonwealth argued before the Appeals Court that the juvenile was not entitled to a § 178E (*f*) hearing because the juvenile was "convicted of a sex offense involving a child." Whereas, the juvenile contends that juveniles who are "adjudicated" delinquent for sex offenses are entitled to a hearing pursuant to G. L. c. 6, § 178E (*f*), to determine whether they are relived from the registration requirement. The Commonwealth conceded at oral argument and in its brief to this court that the juvenile was entitled to consideration of a waiver of registration pursuant to G. L. c. 6, § 178E (*f*), thus we assume, without deciding, that the juvenile was entitled to file his motion for relief from registration.