Commonwealth v. Ventura.

COMMONWEALTH vs. DOUGLAS VENTURA.

Middlesex. January 10, 2013. - May 17, 2013.

Present: IRELAND, C.J., SPINA, CORDY, BOTSFORD, GANTS, DUFFLY, & LENK, JJ.

*Sex Offender. Sex Offender Registration and Community Notification Act. Practice, Criminal, Appeal, Probation, Revocation of probation.*

Where a sex offender properly challenged, through direct appeal, an order revoking his probation, this court, in the interest of judicial economy, also considered the merits of his claim regarding improper sentencing, which should have been challenged via a motion for postconviction relief. [205]

Discussion of the obligation of a sex offender to register with the Sex Offender Registry Board. [205-207]

In a probation revocation proceeding, a Superior Court judge erred in requiring a sex offender, who previously had been relieved of the obligation to register with the Sex Offender Registry Board (board), to register with the board as a condition of probation, where nothing in G. L. c. 6, §§ 178C-178Q, confers authority on a judge to impose an obligation to register as a condition of probation [208-210]; and where the registration order could not properly be viewed as a revocation of the prior order granting relief from the obligation to register [210-213].

INDICTMENTS found and returned in the Superior Court Department on December 1, 2006.

A proceeding for revocation of probation was heard by *Mary-Lou Rup*, J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Geoffrey E. Spofford* for the defendant.

*Bethany Stevens*, Assistant District Attorney, for the Commonwealth.

LENK, J. The defendant is a sex offender who, after pleading guilty to one indictment charging possession of child pornography, was placed on probation by a judge in the Superior Court and relieved of his obligation to register as a sex offender with the Sex Offender Registry Board (SORB), pursuant to G. L. c. 6, § 178E (*f*). The question in this case is whether a second

judge, after finding the defendant in violation of his probation, may on that basis and consistent with the Sex Offender Registry Act, G. L. c. 6, §§ 178C-178Q (act), order him to register with SORB. We hold that she may not.

1. *Background.* The facts are not in dispute. On April 10, 2008, the defendant pleaded guilty to possession of child pornography in violation of G. L. c. 272, § 29C, a "sex offense" under G. L. c. 6, § 178C, requiring him to register as a sex offender. See G. L. c. 6, § 178E (*a*)-(*c*), (*l*). He was sentenced to three years' probation. Pursuant to G. L. c. 6, § 178E (*f*), the defendant sought relief from the requirement that he register as a sex offender. In support of his motion, the defendant submitted a psychological evaluation, grand jury testimony, a report of a forensic review of his computer,[1] and letters of support from family friends who stated that they had no reservations about allowing their daughters, who were friends of the defendant's adolescent daughters, to spend time in his home. The sentencing judge concluded that the defendant had demonstrated that he did not pose a risk of reoffense or a danger to the public, and relieved him of the registration requirement. The Commonwealth did not appeal. See *Commonwealth* v. *Ronald R.*, 450 Mass. 262, 266-267 (2007) (either party may petition for relief pursuant to G. L. c. 211, § 3, from judge's decision under G. L. c. 6, § 178E [*f*], on waiver of obligation to register as sex offender).

Approximately two and one-half years later, in September, 2010, a complaint issued in the District Court charging the defendant with accosting and annoying a person of the opposite sex, in violation of G. L. c. 272, § 53,[2] and the defendant was

---

[1]The defendant maintained that the images were downloaded inadvertently by a software program that he used that searched the Internet and automatically downloaded images of adult pornography. A forensic computer expert who examined the defendant's computer opined that the images underlying the offense were found only in a particular location associated with that software program, were downloaded within time frames too brief to have been done manually, and largely did not appear to have been opened for viewing; there was no evidence of any deliberate Internet searches for child pornography.

[2]Accosting and annoying a person of the opposite sex, in violation of G. L. c. 272, § 53, is not an enumerated "sex offense" under G. L. c. 6, § 178C, and thus does not trigger the registration requirements of G. L. c. 6, § 178E (*a*)-(*c*), (*l*).

sent notice of a probation surrender hearing. A second Superior Court judge conducted an extensive probation revocation hearing in November, 2010. At that hearing, evidence was introduced through two friends of the defendant's daughters that, when they took showers during overnight visits with the daughters, the defendant watched them through a hole in the shower wall in the guest bathroom they routinely used when staying at the defendant's house.

Concluding by a preponderance of the evidence that the defendant had violated his probation on the basis of the new criminal charge, the second judge revoked his probation and imposed a sentence of two and one-half years' incarceration, of which he would serve one year, with the balance suspended for a three-year period of probation.

Immediately following imposition of this sentence, the defendant filed an opposition to imposition of any obligation to register as a sex offender. In a written memorandum and order, the judge stated that the act "does not address whether those exempted from registration with [SORB] under G. L. c. 6, § 178E (*f*), can later be made to register upon a probation violation," but concluded that "[g]eneral sentencing principles . . . suggest that a probationer's risk of reoffense and dangerousness can be revisited . . . ."

In view of her "finding on the factual basis for violation of the defendant's probation," the judge thought it "appropriate to impose a requirement that he register as a sex offender." Recognizing, however, that there was no express statutory authority permitting her to vacate the sentencing judge's prior order under G. L. c. 6, § 178E (*f*), relieving the defendant from any such registration requirement, the judge instead ordered the defendant to register as a sex offender "as an additional condition of the terms and conditions of probation" that she had imposed.[3]

The defendant appealed and we transferred the case to this

---

[3]The judge also imposed a number of other conditions of probation, including restrictions on travel, confinement to home except for limited hours, use of an electronic monitoring bracelet to track when the defendant was in his home, and a requirement that, other than his younger daughter (the older daughter at that point was no longer a minor) the defendant have no contact with children under sixteen years of age unless accompanied by an adult.

court on our own motion. We conclude that, under the terms of the act, the second judge was without authority to require registration as a sex offender as a condition of probation, or to revoke a prior grant of relief from registration.

2. *Discussion.* a. *Motion to dismiss appeal.* As a preliminary matter, we address the Commonwealth's motion to dismiss the appeal on the ground that there is no right of appeal from the denial of relief from the registration requirement. See *Commonwealth* v. *Ronald R., supra* ("a sex offender may not appeal from a judge's decision not to waive the registration require-ment . . . [except] pursuant to G. L. c. 211, § 3"). The defend-ant, however, did not appeal from a decision denying him relief from the registration requirement. Indeed, he had been granted such relief in 2008, from which the Commonwealth did not appeal. Rather, he timely appealed from the 2010 revocation of his probation, as he is permitted to do. See *Commonwealth* v. *Negron*, 441 Mass. 685, 688 (2004) ("A defendant may take a direct appeal from an order revoking his probation").

The defendant included in his appeal the 2010 order sentenc-ing him to registration as a condition of probation. The proper method by which the defendant should have challenged the legality of the postrevocation sentence, however, was by a mo-tion pursuant to Mass. R. Crim. P. 30 (a), as appearing in 435 Mass. 1501 (2001). See *Commonwealth* v. *Bruzzese*, 437 Mass. 606, 614 n.4 (2002) ("A motion under Mass. R. Crim. P. 30 [a] . . . challenging the legality of the sentence imposed in con-sequence of a probation revocation order is the appropriate avenue for relief from such an order"); *Commonwealth* v. *Christian*, 429 Mass. 1022, 1023 (1999) ("Rule 30 [a] is the appropriate avenue for relief only where the defendant is not challenging the probation revocation order itself, but rather the sentence imposed in consequence of the order"). Because the defendant properly challenged the revocation order through his direct appeal, and in the interest of judicial economy, we consider the merits of his claim as to the improper sentencing. See *Cepulonis* v. *Commonwealth*, 426 Mass. 1010, 1010 (1998).

b. *Registration requirement.* As defined in the act, a "[s]ex offender" is "a person who resides, has secondary addresses,

works or attends an institution of higher learning in the [C]ommonwealth and who has been convicted of a sex offense." G. L. c. 6, § 178C. "Sex offense" is in turn also a defined term under the act, and includes the crime of possession of child pornography to which the defendant pleaded guilty in 2008, but not the crime of annoying and accosting a person of the opposite sex with which he was charged in 2010. See *id.*

The act provides "an extensive registration scheme for sex offenders, in order to protect the public from 'the danger of recidivism posed by sex offenders' and to aid law enforcement officials in protecting their communities by providing them with information" (footnote omitted). *Commonwealth* v. *Rosado*, 450 Mass. 657, 659-660 (2008), quoting *Doe, Sex Offender Registry Bd. No. 3844* v. *Sex Offender Registry Bd.*, 447 Mass. 768, 769 (2006). "A sex offender who lives or works in the Commonwealth must register with the board by mail, listing his name, home address, and (if applicable) work address, or his intended home and work address." *Roe* v. *Attorney Gen.*, 434 Mass. 418, 424 (2001), citing G. L. c. 6, § 178E (*a*)-(*c*), (*g*)-(*h*), (*l*).

"The obligation to register is triggered by the conviction of a sex offense . . . ." *Doe, Sex Offender Registry Bd. No. 16748* v. *Sex Offender Registry Bd.*, 82 Mass. App. Ct. 152, 158 (2012). In this regard, when accepting a plea of guilty to a sex offense, a judge "shall inform the sex offender prior to acceptance and require the sex offender to acknowledge, in writing, that such plea may result in such sex offender being subject to the [registration] provisions of" the act. G. L. c. 6, § 178E (*d*). The requirement that a sex offender register with SORB is thus an immediate and automatic consequence of conviction of any sex offense enumerated in the act. See G. L. c. 6, § 178E (*a*)-(*c*), (*l*); *Commonwealth* v. *Ronald R.*, *supra* at 265-267; *Commonwealth* v. *Shindell*, 63 Mass. App. Ct. 503, 504 (2005); *Commonwealth* v. *Albert A.*, 49 Mass. App. Ct. 269, 271 (2000). A "sex offender required to register" who does not do so is subject to separate criminal penalties. See G. L. c. 6, § 178H.

Although there is a presumption under the act that convicted sex offenders must register with SORB and "proceed to the two-step process of registration and classification through

[SORB],"[4] *Commonwealth* v. *Ronald R., supra* at 265, G. L. c. 6, § 178E (*f*), creates a limited exception "that allows a trial judge to relieve certain sex offenders, who have not been sentenced to immediate confinement, from the obligation to register with [SORB]."[5] *Commonwealth* v. *Ronald R., supra* at 264.

Following an evidentiary hearing, the sentencing judge in this case entered an order pursuant to G. L. c. 6, § 178E (*f*), relieving the defendant of the obligation to register.[6] Approximately two and one-half years later, after finding the defendant in violation of his probation based on the newly charged offense,

[4]The requirement to register with the Sex Offender Registry Board (SORB), triggered by a conviction of an enumerated sex offense, is only the first step in the statutory registration process. See *Roe* v. *Attorney Gen.*, 434 Mass. 418, 423-426 (2001). After a sex offender completes this initial registration, SORB conducts an evaluation of the offender to determine whether the offender will have a continuing obligation to register and, if applicable, to assign a sex offender classification level. See G. L. c. 6, §§ 178K-178L; 803 Code Mass. Regs. § 1.06 (2004). This classification level, in turn, defines the scope of the duty to register. See G. L. c. 6, § 178K; 803 Code Mass. Regs. § 1.25 (2008); 803 Code Mass. Regs. §§ 1.28-1.30 (2004).

[5]The judge, however, may not relieve an otherwise eligible sex offender from the obligation to register if that offender "has been determined to be a sexually violent predator; . . . has been convicted of a sex offense involving a child or a sexually violent offense; or if the sex offender is otherwise subject to minimum or lifetime registration requirements as determined by the board pursuant to [§] 178D." G. L. c. 6, § 178E (*f*). The crime of possession of child pornography, of which the defendant was convicted in 2008, is not among those that would disqualify an otherwise qualified sex offender from G. L. c. 6, § 178E (*f*), consideration.

In addition to this limited exception, the Commonwealth may request, "at the time of sentencing," that the judge grant relief from the registration requirement, subject to certain conditions and disqualifications, if it determines "that the circumstances of the offense in conjunction with the offender's criminal history does not indicate a risk of reoffense or a danger to the public." G. L. c. 6, § 178E (*e*).

Also, following initial registration, after a hearing and upon specific written findings, and subject to certain conditions and disqualifications, SORB may relieve a sex offender of "any further obligation to register" if it determines that the sex offender does not "indicate a risk of reoffense or a danger to the public." G. L. c. 6, § 178K (2) (*d*).

[6]Based on similar considerations, as well as requirements of the defendant's employment for a defense contractor, the sentencing judge also relieved the defendant of the obligation to wear a global positioning system (GPS) monitoring bracelet. The judge noted that imposition of the GPS monitoring requirement would effectively require termination of the defendant's employment.

the second judge concluded, apparently based on the nature of the acts involved,[7] that it was "appropriate to impose a requirement that he register as a sex offender." Realizing that there was no express statutory authority under the act that would allow her to vacate the sentencing judge's order, the second judge ordered the defendant to register as a sex offender "as an additional condition of the terms and conditions of probation."

On appeal, the defendant contends that the second judge lacked authority under the act either to impose registration as a condition of probation or to revoke the prior order relieving him of the obligation to register. The Commonwealth maintains that the act, construed broadly, confers authority on a judge, in such circumstances, to impose an obligation to register, either as a condition of probation or as a consequence of revoking a prior order relieving a defendant from the obligation to register.

c. *Registration as a condition of probation.* We consider first whether the second judge had the statutory authority to require the defendant to register as a sex offender as a condition of probation. We review questions of statutory interpretation de novo. *Commonwealth* v. *Perella*, 464 Mass. 274, 276 (2013). "It is elementary that the meaning of a statute, must, in the first instance, be sought in the language in which the act is framed, and if that is plain, . . . the sole function of the courts is to enforce it according to its terms." *Commonwealth* v. *Boe*, 456 Mass. 337, 347 (2010), quoting *James J. Welch & Co.* v. *Deputy Comm'r of Capital Planning & Operations*, 387 Mass. 662, 666 (1982). A statute must "be construed 'so that effect is given to all its provisions, so that no part will be inoperative or superfluous.' " *Bankers Life & Cas. Co.* v. *Commissioner of Ins.*, 427 Mass. 136, 140 (1998), quoting 2A B. Singer, Sutherland Statutory Construction § 46.06 (5th ed. 1992). "Where possible, we

---

[7]The circumstances of this case, where the particular acts giving rise to the probation violation appear to be sex related, yet a conviction of the new offense would not require registration as a sex offender, are anomalous. Given the extensive set of offenses covered by the act, see G. L. c. 6, § 178C (setting forth wide-ranging list of more than twenty-five sex offenses that trigger registration requirement), in the vast majority of cases where a sex offender is found in violation of probation due to a new sex-related offense, the new charge will qualify as a "sex offense," thus requiring the offender to register with SORB upon conviction of the subsequent offense.

construe the various provisions of a statute in harmony with one another, recognizing that the Legislature did not intend internal contradiction." *DiFiore* v. *American Airlines, Inc.*, 454 Mass. 486, 491 (2009).

Nothing in the act confers authority on a judge to impose an obligation to register as a condition of probation. Although he was later relieved of the obligation by the sentencing judge pursuant to G. L. c. 6, § 178E (*f*), the obligation to complete an initial registration with SORB flowed inexorably from the defendant's 2008 conviction of possession of child pornography, one of the act's enumerated sex offenses. The registration requirement, rather than being part of the judge's 2008 sentencing decision, was instead a collateral consequence of the conviction itself. See *Commonwealth* v. *Ronald R.*, 450 Mass. 262, 264 (2007).

> "The possibility of registration as a sex offender would be a contingent or collateral consequence of [a guilty] plea: minimum due process requires that a defendant be granted a hearing before being required to register as a sex offender, see *Doe* v. *Attorney Gen.*, 426 Mass. 136, 137 (1997); thus, not only is the possibility that the defendant could be required to register as a sex offender an uncertainty, it is also a decision made not by the trial court, but by the sex offender registry board. See *Doe, Sex Offender Registry Bd. No. 972* v. *Sex Offender Registry Bd.*, 428 Mass. 90, 91 (1998). The fact that an entity outside the court decides whether the defendant ultimately must register is the very definition of a collateral consequence. Cf. *Commonwealth* v. *Fraire*, 55 Mass. App. Ct. 916, 918 (2002) ('it is not the indeterminate nature of immigration consequences that makes them collateral in nature; it is the fact that such consequences are handed down by a body entirely separate from the court that accepts the guilty plea')."

*Commonwealth* v. *Shindell*, 63 Mass. App. Ct. 503, 505 (2005). See *Commonwealth* v. *Rodriguez*, 52 Mass. App. Ct. 572, 578-579 (2001) (collateral consequence "is not a sentence to a period of incarceration for the crime in question but something that flows or may flow secondarily from conviction or incarceration").

Otherwise put, while the act permits a judge in certain limited circumstances to relieve a sex offender from the registration requirement, see G. L. c. 6, § 178E (*f*), it does not authorize a judge to order such registration. It follows that the second judge may not, as part of the sentence imposed following probation revocation, impose a registration requirement as a condition of the probationary portion of that sentence.[8]

d. *Revocation of a prior order of relief.* The Commonwealth contends that, notwithstanding the plain language of the second judge's registration order, the obligation to register that she imposed should be viewed not as a condition of probation but, rather, as a revocation of the prior order granting relief from registration.[9] In essence, the Commonwealth maintains that, whenever a judge determines that there has been a violation of a sex offender's probation, the plain language of the act mandates reconsideration of any prior G. L. c. 6, § 178E (*f*), order within

[8] As discussed, the obligation of a sex offender to register with SORB, which initially flows from the conviction itself, is thereafter determined not by the judge but by SORB. See note 4, *supra.* Unlike true conditions of probation, which are imposed by the judge and terminate when probation itself ends, the registration obligation ordinarily remains ongoing following the end of the probationary period.

[9] The Commonwealth previously advanced several different theories in support of its contention that the second judge had the authority to vacate the sentencing judge's order. In the Superior Court, the Commonwealth argued, inter alia, that, because a term of straight probation has been considered to be a deferral of sentencing rather than an actual sentence, see *Commonwealth* v. *Bruzzese*, 437 Mass. 606, 617 (2002), the statutory period within which a judge may consider granting relief from registration, namely "within [fourteen] days of sentencing," G. L. c. 6, § 178E (*f*), is triggered only if a defendant is sentenced to incarceration upon a revocation of probation. This reading would produce the unreasonable result that a judge imposing straight probation upon conviction would be precluded at that time from considering whether relief from registration would be appropriate. Yet, offenders receiving a sentence of straight probation are plainly among those who are eligible for relief from registration in the first instance under G. L. c. 6, § 178E (*f*).

In its brief before this court, however, the Commonwealth focuses on the absence of any language in the act that would prohibit a subsequent judge from vacating a previous order of relief from registration. Given the protective purpose of the act, coupled with its silence on the point, the Commonwealth urges that the act be broadly construed to authorize the second judge's order. The Commonwealth did not pursue this theory at oral argument, however, instead urging that the plain language of the act authorizes the second judge's order. The theory briefed is, in any event, unpersuasive.

fourteen days of sentencing in connection with the probation violation. Under this interpretation, every finding of a probation violation would have the effect of vacating any prior G. L. c. 6, § 178E (*f*), order relieving the sex offender from the obligation to register. The subsequent judge is then mandated to consider anew whether such relief is appropriate, regardless whether the defendant is "reprobated" or sentenced to incarceration.[10] Hence, on this view, absent entry of a new order granting relief, a defendant found in violation of probation is, as a sex offender, required to register with SORB.

Nothing in G. L. c. 6, § 178E (*f*), or in any other section of the act, expressly permits revocation of a previously granted order of relief under G. L. c. 6, § 178E (*f*). Nor does anything in the plain language of the act provide that, upon a finding that probation has been violated, a prior order of relief is thereby automatically vacated. The Commonwealth nonetheless discerns — from the language of G. L. c. 6, § 178E (*f*), itself — authorization for a subsequent judge to revoke a prior G. L. c. 6, § 178E (*f*), order granting relief. General Laws c. 6, § 178E (*f*), provides, in relevant part:

> "In the case of a sex offender who has been convicted of a sex offense . . . on or after December 12, 1999, and *who has not been sentenced to immediate confinement,* the court shall, *within [fourteen] days of sentencing,* determine whether the circumstances of the offense in conjunction with the offender's criminal history indicate that the sex offender does not pose a risk of reoffense or a danger to the public. If the court so determines, the court shall relieve such sex offender of the obligation to register under [§§] 178C to 178P, inclusive." (Emphasis supplied.)

The Commonwealth's reading is entirely dependent on the attribution of different meanings to the words "sentenced" and

---

[10]The Commonwealth takes the position that such reconsideration is to be undertaken regardless of the basis for the probation violation, i.e., that it makes no difference whether the violation is based upon the commission of a subsequent sex offense, the commission of any other type of criminal offense, or noncompliance with a condition of probation, such as nonattendance at Alcoholics Anonymous meetings or the failure to pay a fee.

"sentencing" as they appear in two adjacent phrases of the pertinent statutory language ("In the case of a sex offender . . . who has not been sentenced to immediate confinement, the court shall, within [fourteen] days of sentencing," determine whether the offender poses a risk of reoffense). The word "sentenced" would refer to the original disposition entered at the time of conviction, while the word "sentencing" would refer to the subsequent imposition of any disposition, be it re-probation or incarceration, at the time of a probation violation.[11] On this view, there may be multiple fourteen-day periods following the original sentencing disposition.

The Commonwealth's strained parsing of the statutory text is untenable for a number of reasons. Although the registration requirement is remedial and not punitive, see *Opinion of the Justices*, 423 Mass. 1201, 1241 (1996), criminal penalties may be imposed on a defendant who is required to register and fails to do so. Accordingly, "we apply the 'rule of lenity' and resolve any ambiguities" against the Commonwealth. See *Doe, Sex Offender Registry Bd. No. 151564* v. *Sex Offender Registry Bd.*, 456 Mass. 612, 618 (2010), citing *Commonwealth* v. *Wotan*, 422 Mass. 740, 742-743 (1996). With this in mind, we conclude that the sentence, read as a whole and in a commonsense fashion, admits of a straightforward construction: within fourteen days of sentencing a sex offender in a manner that does not impose immediate confinement, the judge is to determine, on articulated criteria, whether to relieve the sex offender of the obligation to register. The words "sentenced" and "sentencing" refer to the same event, and the sentencing judge who makes such a determination sensibly will be the one who knows the most about the sex offender and the circumstances of the offense, having presumably presided at the offender's trial or plea proceeding. See *Beeler* v. *Downey*, 387 Mass. 609, 617 (1982)

---

[11]The Commonwealth maintains that the class of offenders eligible for relief from registration under G. L. c. 6, § 178E (*f*), defined as those not "sentenced to immediate confinement," is established at the time of conviction. Because "sentenced" in that phrase refers to the time of conviction and not to the time of any probation violation, the Commonwealth maintains that any subsequent period of incarceration imposed upon a finding of a probation violation does not remove a sex offender from the limited group of those eligible for relief from registration under G. L. c. 6, § 178E (*f*).

("where words are used in one part of a statute in a definite sense, they should be given the same meaning in another part of the statute"). See also G. L. c. 4, § 6, Third; *MacBey* v. *Hartford Acc. & Indem. Co.*, 292 Mass. 105, 107 (1935) ("The rule for the interpretation of a statute is that . . . all its words [must be] construed according to the common and approved usage of the language"); Black's Law Dictionary 1485 (9th ed. 2009) ("sentence" is "[t]he judgment that a court formally pronounces after finding a criminal defendant guilty").

Finally, and as noted earlier, nothing in the statutory language provides expressly either that a prior order of relief under G. L. c. 6, § 178E (*f*), shall be automatically vacated upon a finding that probation has been violated or that a subsequent judge may revoke such a previously granted order of relief. "[W]hen the statute appears not to provide for an eventuality, there is no justification for judicial legislation." *Commonwealth* v. *Vickey*, 381 Mass. 762, 767 (1980). The act contains "a carefully-crafted statutory plan," *Commonwealth* v. *Renderos*, 440 Mass. 422, 432 (2003), with precise and intricate procedural mechanisms. Where the Legislature crafts such a statute, we will not engraft additional procedures onto its express requirements. See *id.* at 432-434 (because act contains precise procedure by which sex offenders may be placed on community parole supervision for life, court had no authority to impose such supervision through alternate procedure); *Doe, Sex Offender Registry Bd. No. 147721* v. *Sex Offender Registry Bd.*, 82 Mass. App. Ct. 38, 47 (2012) ("In light of the plain language of the statute, we conclude that the judge had no authority to rescind his [prior] order [granting relief from registration]").

Where, as here, the statutory text is clear, "[w]e are not free simply to add language to a statute for the purpose of 'interpret-[ing] [the statute] according to [the Legislature's] perceived objectives.' " *Commonwealth* v. *Gillis*, 448 Mass. 354, 363 (2007), quoting *Commonwealth* v. *One 1980 Volvo Auto.*, 388 Mass. 1014, 1015-1016 (1983). Thus, interpreting the act according to its plain terms, see *Commonwealth* v. *Boe*, 456 Mass. 337, 347 (2010), a judge has no statutory authority to vacate a previous order of relief.

3. *Conclusion.* The order imposing a registration requirement on the defendant "as an additional condition of the terms and conditions of probation" is reversed.

*So ordered.*