NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-12875

COMMONWEALTH  vs.  FRANCIS X. HARDING, JR.

Bristol.     May 4, 2020. - October 5, 2020.

Present:  Gants, C.J., Lenk, Gaziano, Lowy, Budd, Cypher,
& Kafker, JJ.[1]

Sex Offender.  Sex Offender Registration and Community
    Notification Act.  Practice, Criminal, Probation. Statute,
    Construction.

Complaint received and sworn to in the Fall River Division
of the District Court Department on June 14, 2012.

A probation violation hearing was held on July 24, 2018,
before Cynthia M. Brackett, J., and a motion for reconsideration
was also heard by her.

The Supreme Judicial Court on its own initiative
transferred the case from the Appeals Court.

Eric Tennen for the defendant.
Stephen C. Nadeau, Jr., Assistant District Attorney, for
the Commonwealth.
Nancy Dolberg, Committee for Public Counsel Services &
another, amici curiae, submitted a brief.

---

[1] Chief Justice Gants participated in the deliberation on
this case and authored this opinion prior to his death.

GANTS, C.J.  The defendant is a home-improvement contractor who specializes in the repair of old homes.  He has been self-employed in this capacity for more than thirty years and operates his business out of his home in Newton, where he has a workshop.  After an evidentiary hearing, a District Court judge found that the defendant violated a special condition of probation because he reported on the sex offender registration form that his work address was his home and did not report as a work address the home in Lynn where he was doing repair work.  He was also found to have violated the special condition of probation that he not "work . . . with children" under sixteen years of age because there was an infant in the Lynn home where he worked.  We reverse, and we vacate the findings that the defendant violated his conditions of probation.[2]

Background.  In 2015, the defendant pleaded guilty to charges of indecent assault and battery on a child under fourteen and possession of child pornography.  A District Court judge sentenced him to five years of probation and imposed four special conditions of probation relevant to this appeal:  (1) he was required to register as a sex offender with the Sexual Offender Registry Board (SORB), which later classified him as a

---

[2] We acknowledge the amicus brief submitted by the Committee for Public Counsel Services and the Massachusetts Association for the Treatment of Sexual Abusers.

level three sex offender;[3] (2) his location was to be continually monitored by a global positioning system device; (3) he was required to have no contact with and stay away from the victim; and (4) he was required "not to work, volunteer, [or] reside with children under [sixteen] years old."

In April 2015 and again in January 2017, the defendant filled out and submitted SORB's sex offender registration form. In the section asking about employment, he identified himself as "self-employed," which was one of the available options on the form. Where the form asked for the name of the "employer," he identified himself as his employer and gave his home address as the employer's address.

Every two weeks, the defendant met with his probation officer and provided invoices from his home-improvement work to prove that he was employed. These invoices included the addresses of the homes where he provided home-improvement services. For almost three and one-half years, the defendant had the same probation officer, who at no point informed the defendant that he had to register an employment address other than his home address. His lawyer also informed him that he did

---

[3] Sex offenders in Massachusetts are classified based on their risk of reoffending and the degree of danger they pose to the public. Level three sex offenders have a high risk of reoffending and pose a high degree of danger to the public. See G. L. c. 6, § 178K.

not have to register his clients' addresses as work addresses.

In January 2016, the defendant was asked by a family residing in Lynn to restore the windows of their home. The defendant removed the windows and took them to his workshop in Newton, where he performed the majority of the work. At the time, the family had no children.

The same family hired the defendant again in September 2017 to repair other parts of the exterior of the house, including the gutters and some woodwork. For the next several months the defendant provided services at both his workshop and the house. By this time, the family had a baby, but the defendant never had any contact with the child; all of the services that the defendant provided were outside the home. The defendant prepared thirteen invoices regarding this second work assignment, all of which he provided to his probation officer, covering services he rendered between September 2017 and March 2018. They identified the Lynn address of the client but did not specify where the services were performed or how many days he had worked to perform these services.

In March 2018, the defendant was stopped by a Revere police officer who was conducting surveillance of a shopping plaza for possible drug transactions and who knew from querying the defendant's license plate on the officer's computer system that the defendant was a registered sex offender. The officer asked

the defendant what he was doing at the shopping plaza, and the defendant responded that he was on his way home from his job in Lynn and had stopped to get something to eat.  Following the encounter, the officer contacted the Lynn police to determine whether the defendant had a registered work address in Lynn and learned that he did not.

On April 5, 2018, the defendant was served with a notice of probation violation stating that he "[f]ail[ed] to register with SORB from [September 2017 to April 2018] his employment."  The notice was later amended to add the allegation that he had failed to abide by the probation condition that he "refrain from work (employment) where children [sixteen years of age] or younger are present."  After a hearing, a District Court judge found that the defendant had violated both conditions of probation.  The judge later denied the defendant's motion for reconsideration and ordered that the defendant's probation be extended by one year.  The defendant appealed, and we transferred the appeal to this court on our own motion.

Discussion.  The defendant raises two issues on appeal. The first is whether he was required, as a self-employed home-improvement contractor, to identify the temporary work sites where he performed his work as his "work address" under the SORB registration statute, G. L. c. 6, § 178E.  The second is whether the defendant's condition of probation -- that he was "not to

work, volunteer, [or] reside with children under [sixteen] years old" -- prohibited him from performing home-improvement services at a house where a young child resided and provided adequate notice of such a prohibition.  We consider each in turn.

1.  Registration of "work address."  Pursuant to G. L. c. 6, §§ 178E (a), 178E (h), 178F, and 803 Code Mass. Regs. § 1.05(2)(g) (2016), a sex offender subject to the terms of the statute is required to register and annually verify his "work address or intended work address" with SORB.  Under G. L. c. 6, § 178E (j), if a registrant "intends to change his work address," he must notify SORB in writing "not later than ten days prior to establishing the new work address" (emphasis added).  SORB then provides notice of the change of work address to the police departments in all municipalities "where such sex offender previously worked, where such sex offender intends to work, where such sex offender resides or intends to reside and where the offense was committed."  See id.; 803 Code Mass. Regs. § 1.05(9).  Registration information, including the work address of those classified as level two and level three sex offenders, is also made publicly available on the SORB website.  See 803 Code Mass. Regs. § 1.05(7).

The statutory scheme defines "employment" as "employment that is full-time or part-time for a period of time exceeding [fourteen] days or for an aggregate period of time exceeding

[thirty] days during any calendar year, whether compensated or uncompensated."  G. L. c. 6, § 178C.  The statute does not, however, define "work address."  The Commonwealth argues, and the District Court judge agreed, that every time the defendant worked for a client for the requisite number of days -- fourteen consecutive or thirty nonconsecutive during the calendar year -- this should be considered a separate instance of "employment," and the defendant was consequently required to provide that client's address as his "work address."  For a number of reasons, we disagree.

The issue before us is whether the defendant's home address, where he had a workshop and did much of his restoration work, was his "work address" or whether he was required to characterize all of his client's addresses for whom he worked fourteen consecutive or thirty nonconsecutive days as his "work address" on the sex offender registration form.  Because the statutory language is ambiguous on that point, we "interpret the statute so as to render the legislation effective, consonant with sound reason and common sense."  See Commonwealth v. Morgan, 476 Mass. 768, 777 (2017), quoting Seideman v. Newton, 452 Mass. 472, 477 (2008).

We note that the Commonwealth's interpretation of the meaning of "work address" is not reflected in SORB's sex offender registration form.  Under "section F -- employment,"

the form provides four alternative boxes for the registrant to check:  "employed," "self-employed," "unemployed," and "volunteer."  Beneath that, it asks for the name of the employer, and below that for an address, which one reasonably would think would be the address of the employer.  The defendant identified himself as self-employed and therefore gave his own address as the employer's address.  The form reflects the apparent understanding that "work address" is the employer's work address.  The interpretation that the Commonwealth asks us to adopt would suggest that a registrant who is self-employed might not be self-employed at all, because each client for whom the registrant provided services for the requisite time period would be deemed the employer, whose address the registrant would be required to record.  No reasonable registrant filling out this form would understand the form to ask for this information.

Nor would the Commonwealth's interpretation make practical sense.  Under that interpretation, a self-employed sex offender would be required to register, at least ten days in advance, the address of any work site at which he would be spending more than fourteen consecutive days or more than thirty days in a calendar year.  But, as the defendant and amici note, independent contractors may not know in advance how long a project will take.  For example, if the defendant expected to spend ten days working on a home, he would be under no obligation to register

that client's address with SORB. But if the work took longer than expected and stretched beyond fourteen days, he would be in violation of the statute because he would have failed to register the address ten days in advance of beginning his employment there. In addition, if the job lasted for only fifteen days, the defendant would have to deregister the address the day after registering it.

Similarly, if the defendant worked for a client for ten days in January, and the same client rehired him for ten days in May and for another ten days in August, each time for a different project, the defendant would have to register the client's address as his "work address" at the end of the August project, when the work would be already complete. When he was first hired in January, he would have had no way of knowing that he would eventually have to register that client's address and would be unable to comply with the requirement to register it ten days before beginning the work.

Moreover, independent contractors sometimes do not receive ten days' advance notice of the commencement of work. Under the Commonwealth's interpretation, if a homeowner needed repair work to begin immediately and the independent contractor was available to provide those repairs, the contractor would have to delay starting the work for ten days so that he could provide SORB with the required ten days' advance notice.

For all these reasons, as a practical matter, the Commonwealth's definition of "work address" is unworkable. We will not adopt a construction of a statute "if the consequences of such construction are absurd or unreasonable." Attorney Gen. v. School Comm. of Essex, 387 Mass. 326, 336 (1982). Cf. Commonwealth v. Rosado, 450 Mass. 657, 662-663 (2008) (homeless sex offender did not violate registration statute by failing to register everywhere he stayed because it would have been "almost impossible" for him to comply with ten-day notice requirement).

In addition, requiring a self-employed sex offender to identify a client as an employer would be fundamentally unfair to the clients. Under the Commonwealth's interpretation of "work address," a homeowner who hired a landscaper to cut the lawn every week or a carpenter to renovate a back porch would be identified as the sex offender's employer, and his or her home would be listed as the sex offender's work address. If the independent contractor were a level two or level three sex offender, this information would be publicly available on SORB's "sex offender internet database," see G. L. c. 6, § 178D, a public website that is searchable by city, town, county, or ZIP code, as well as by a registrant's name. The defendant, however, is not an employee but an independent contractor, and publishing his clients' addresses as though his clients were his

employers would mischaracterize the relationship.[4]  See Attorney
General's Fair Labor Division, Independent Contractors,
https://www.mass.gov/service-details/independent-contractors
[https://perma.cc/5JCN-68A6] (distinguishing between employees
and independent contractors, and defining independent
contractors as individuals whose work "is done without the
direction and control of the employer; and . . . is performed
outside the usual course of the employer's business; and . . .
is done by someone who has their own, independent business or
trade doing that kind of work"); G. L. c. 149, § 148B.

And, as the amici note, if the defendant, or other self-
employed registrants like him, were required to provide a
client's address as a "work address," many clients who might
otherwise hire him might refrain from doing so because they
might not want their home address listed on SORB's website as
the sex offender's place of employment.  As a result, the
otherwise self-employed sex offender might soon be functionally
unemployed.  SORB itself recognizes that stable employment
diminishes a sex offender's likelihood of reoffense.  See 803

---

[4] Employers in Massachusetts are subject to a complex
statutory scheme, which includes civil and criminal penalties
for noncompliance, that would not be applicable to the clients
of a self-employed independent contractor.  See e.g., G. L.
c. 149, § 148 (governing payment of wages and establishing
penalties for failure to comply); G. L. c. 151, § 16 (requiring
employers to display posters informing employees of their rights
under State and Federal wage and hour laws).

Code Mass. Regs. § 1.33(34)(a) (2016) (identifying "employment stability" as factor reducing sex offender's risk of reoffense and degree of dangerousness). We will not infer that the Legislature intended to give "work address" a meaning that could create significant obstacles to an independent contractor's ability to work, which could, in turn, increase the likelihood of reoffense.

The Commonwealth's interpretation also fails to comport with the rule of lenity. "Although the registration requirement is remedial and not punitive, criminal penalties may be imposed on a defendant who is required to register and fails to do so. Accordingly, 'we apply the "rule of lenity" and resolve any ambiguities' against the Commonwealth" (citations omitted). Commonwealth v. Ventura, 465 Mass. 202, 212 (2013).

Where, as here, the statute does not provide clear guidance about what constitutes a "work address" that must be registered with SORB, and particularly where the SORB registration form permits registrants to register as "self-employed," we conclude that G. L. c. 6, § 178E, does not require independent contractors to register their temporary work sites as their "work address." Cf. Rosado, 450 Mass. at 663 (sex offender registration form ambiguous where instructions required homeless registrants to provide approximate location within city but failed to provide registrants with ability to indicate their

homeless status).  The most reasonable and administrable interpretation of "work address" under § 178E, and the one that comports with the rule of lenity, is the interpretation apparent from SORB's sex offender registration form:  it is the work address of the sex offender's employer, not the work site address of a self-employed sex offender's clients.

Because we conclude that the defendant's "work address" was his home address, we need not address the challenges raised by the defendant regarding whether there was sufficient evidence that the defendant worked for the requisite number of days at the Lynn home for the family to be deemed his employer or whether he knowingly violated the registration statute.[5]

2.  Condition that defendant not work "with" children.  As a special condition of his probation, the defendant was instructed "not to work, volunteer, [or] reside with children under [sixteen] years old."  The probation officer who issued the violation notice interpreted that condition to mean that the defendant could not work in the presence of children; the notice of violation stated that the defendant failed to "refrain from

---

[5] We note that, on appeal, the Commonwealth concedes that there was insufficient evidence to support a finding by a preponderance of the evidence that the defendant knowingly violated the registration statute by failing to register the Lynn address as an employment address.  For this reason alone, the Commonwealth agrees that this finding of a violation of probation must be vacated.

work (employment) where children [sixteen years of age] or younger are present." The judge agreed, finding him in violation of this condition "for working at the [client's] house when there was a child present there at the time." But working with children and working in the presence of children are two quite different things.

Defendants are "entitled to know what conduct is forbidden by [their] probation condition[s]. The constitutional rule against vague laws applies as equally to probation conditions as it does to legislative enactments." Commonwealth v. Power, 420 Mass. 410, 421 (1995), cert. denied, 516 U.S. 1042 (1996). Probation conditions "need not provide the fullest warning imaginable": "[t]he notice requirement can be satisfied by 'an imprecise but comprehensible normative standard.'" Commonwealth v. Kendrick, 446 Mass. 72, 75 (2006), quoting Commonwealth v. Orlando, 371 Mass. 732, 734 (1977). But they must "provide reasonable guidance with respect to what activities are prohibited." Kendrick, supra.

The defendant's condition of probation clearly barred him from "work . . . with children," such as teaching at a school or being a camp counsellor. But the defendant's actions -- performing repair work that did not involve children but that took place at a home where a child happened to be present -- are not prohibited by his probation condition. He did not "work

with children" in replacing a gutter or restoring exterior woodwork, nor could he, where the child was an infant.

Had the sentencing judge been concerned that the defendant, as an independent contractor, might be working inside a home where children resided, the judge could have imposed a special condition that the defendant have "no unsupervised contact" with children. See, e.g., Ventura, 465 Mass. at 204 n.3 ("no contact with children under sixteen years of age unless accompanied by an adult"); Kendrick, 446 Mass. at 73 ("[n]o contact [with] children under [sixteen years] of age"). The judge, in fact, did impose a special condition of "no contact," but that condition only prohibited the defendant from having contact with the victim, not from having contact with any child. Where the judge required the defendant only to refrain from working, volunteering, or residing with children, the defendant did not violate this probation condition by working on the exterior of a home while a supervised infant was present inside the house. Nor did he have fair notice that such conduct would be deemed a violation of this condition.

Conclusion. The District Court judge's finding that the defendant violated his conditions of probation is reversed and vacated. We remand the matter to the District Court for entry of an order consistent with this decision.

So ordered.